### DUFF MANUF'G CO. v. FORGIE.

#### (Circuit Court, W. D. Pennsylvania. July 10, 1893.)

#### No. 54.

1. PATENTS FOR INVENTIONS—CONSTRUCTION OF CLAIMS—LIFTING JACKS.
   Letters patent No. 312,316, issued February 17, 1885, to Josiah Barrett, for an improvement in lifting jacks, and which are restricted both in the specifications and claims by the use of the words "in a lifting jack," and the additional term "a lifting bar," cannot be extended so as to cover an adaptation of such jack to the production of a horizontal circular motion, for the purpose of unscrewing oil-well tools.

2. SAME—JACKS.
   In letters patent Nos. 455,993 and 455,994, issued to said Barrett on subsequent applications, he states that his inventions relate "to the same general class of jacks as are set forth" in his preceding patent, No. 312,316, and have "practically the same object in view;" but elsewhere in the specifications he states that his invention "includes any device embodying its principle, whether the power is exerted in a vertical, horizontal, or other line." In No. 455,994 there is express reference to a contemplated "curvilinear" movement. In the claims of both patents the broad generic expression "in a jack" is used. *Held*, that these claims are broad enough to cover an adaptation of such jack to the production of a horizontal, curvilinear motion for the purpose of unscrewing oil-well tools.

In Equity. Bill for infringement of patents. Decree for complainant.

James I. Kay, for complainant.
Wm. L. Pierce, for defendant.

Before ACHESON, Circuit Judge, and BUFFINGTON, District Judge.

BUFFINGTON, District Judge. The Duff Manufacturing Company files this bill against W. Forgie for alleged infringement of a jacking mechanism for screwing and unscrewing oil-well tools. Two devices manufactured by respondent, and known as Forgie Devices No. 1 and No. 2, respectively, are alleged to infringe as follows: No. 1, all the claims of patent No. 312,316, issued February 17, 1885, to Josiah Barrett, for improvement in lifting jacks, and now owned by complainant; and No. 2, the third claim of said patent, the third claim of patent No. 455,994, and the first, second, and sixth claims of patent No. 455,993, both of said patents being issued to Josiah Barrett, July 14, 1891, and are also owned by complainant. A suit by Forgie against the selling agents of complainant at No. 18, November term, 1890, was heard, and decided at the same time as the present case. See Forgie v. Supply Co., 57 Fed. Rep. 742. As both cases involve the same subject-matter, we refer to the opinion therein for a statement of the parties, subject-matter, state of the art, and the devices of the different parties. Passing over these preliminary matters, we may say that the question in device No. 1 is whether the claims of patent No. 312,316 are broad enough to cover the mechanism therein employed. If so, infringement is admitted.

It is contended by respondent that the patent is for a lifting jack, and that the claims are all limited by the term "in a lifting jack," and all save one by the added term "a lifting bar;" that neither of Forgie's devices are lifting jacks, nor have they a lifting bar. It must be noted the patent is not a pioneer one; it purports to be and is simply an improvement; nor in its specification or claims is it asserted that it pertains to any mechanism other than one variety of a large class, viz. to a lifting jack. Knight's Dictionary enumerates many different kinds of jacks, all designated by name, and a number of additional ones are noted in the Century Dictionary, where it is also stated that the character of the jack is specified by the use of a fitting word, so that the compound word designates the function of the particular jack. The specification says:

"My invention relates to an improvement in lifting jacks, the object of said invention being to provide for a continuous movement of the lifting bar, said movement, either up or down, being effected equally by both the up stroke and the down stroke of the operating lever; and to this end my invention consists, in general terms, in the construction and combination of parts, all as more fully hereinafter described and claimed."

The words employed throughout the specification, "lifting jack," "to lower the lifting bar," "the down stroke," "the lower limit of its motion," "a toothed lifting bar," all show that the only species of mechanism, power, or application in mind was in an up and down motion; that it was adapted to a lifting jack; and that the

patentee had no purpose to apply it elsewhere. There is not the remotest hint in specification or claim of its application to any other form of mechanism or variety of jack, a very different state of facts from that appearing in the case of Electric Co. v. La Rue, 139 U. S. 601, 11 Sup. Ct. Rep. 670. It is not a case where, as in Rev. St. § 4888, the patentee has explained "the principle thereof, and the best mode in which he has contemplated applying that principle;" but it is one where Barrett has explained the principle thereof, and the only mode to which he has contemplated applying it. While the doing of this in the specification would not of itself narrow the scope of his patent, yet, when he has carried the same thing into his claims, he cannot complain that he is now hampered by these self-imposed limitations. It is but equity for this court, when his principle has been applied in mechanism other than a lifting jack, to restrict his rights under the patent to a lifting-jack mechanism; and this, although the adapted mechanism is analogous to a lifting-jack mechanism, in the sense that all jacking mechanisms are analogous, but still not analogous when measured, in this instance, by the narrow limits of a claim restricted to lifting jacks alone. That is, the new use is analogous, as we held in the other opinion noted, to the uses possible under the mechanism devised by Barrett; it is not analogous when measured by the narrow and restricted claims of his patent. What he claimed, he should be allowed in letter and in spirit; what he did not claim, either in letter, spirit, or suggestion, he must be held to have abandoned. Advance in the applications of jacks has shown that his claims, perhaps, might have been made broader; indeed, that to the particular use now in question his mechanism might then have been applied; but his claims were limited, "sic ita scripta est," and patent rights rest on claims made, not claims omitted. That the respondent's device is in no sense of the word or in mechanical function a "lifting jack" is plain. It does not lift, and while a lifting-jack mechanism may be placed horizontally, and move bodies, it remains a lifting jack still, in name, but its function is no longer that of lifting. The principle of its construction, as we have seen in the other case, could be adapted to a forcing jack for unscrewing oil-well tools, but when so used it is not used "in a lifting jack." It is, indeed, shown that Barrett's lifting jack, if placed in a horizontal position, is capable of moving bodies horizontally. But in so acting the jack is not changed in form or otherwise. Its application, then, to such use, might, with reason, be said fairly to come within Barrett's claims, or at least within the scope of his invention, if properly claimed. But the jack as described in the patent cannot be employed to couple and uncouple the drill rods of oil wells. To do that work the apparatus must be reconstructed. To us it is very clear that the use to which the plaintiff here seeks to extend the patent was neither suggested nor contemplated by the specification or claims. In a lifting jack the weight above keeps the lifting bar in place

automatically; and the more firmly, the heavier. It cannot fly the track, and the inertia of a heavy weight which it was desired to move would have the same effect when the jack was used horizontally to push. But the forcing of wrenches, on different planes, and free to move up or down, presents a different problem. As was said in the testimony, and the statement was self-evident, and will bear no contradiction:

"The Barrett jack, having a stationary base and a movable rack bar, is particularly adapted for lifting; while if you place it on the floor of the derrick, and attempt to wrench a drilling-tool joint, one wrench being engaged with the tools much higher than the other, the outer ends would not come in line. Consequently the outer end would be hoisted in the air, and let go its hold, and leave its position; and, if you did succeed in holding it to the floor by any possible device, you would have to change the position of the base several times in the process of wrenching up a joint which would make it practically useless."

We are of opinion the claims of patent No. 312,316 are so limited that the respondent's devices do not come within them, and infringement is not made out.

In Forgie's device No. 2 infringement is claimed of sundry claims in patents Nos. 312,316, 455,993, and 455,994, as above noted. We have already disposed of the question involved in the first patent. On May 10, 1892, after the issue of the other two patents to Barrett, Forgie made an application (serial No. 432,471) for a patent for the No. 2 device, in which his first, second, and third claims are in the identical language of the claims already allowed Barrett in the first, second, and sixth claims of No. 455,993, and his fourth claim is identical with the third claim allowed Barrett in No. 455,994. The application has been placed in interference with Barrett, and is undetermined, but, as the case stands, the prima facies of Barrett's patents must prevail over the proofs of priority before us. The construction placed upon device No. 2 by Forgie and his counsel in these claims thus made and still being followed up may be regarded as virtually such an admission of infringement as renders a discussion of the mechanism of this device with the identical claims in the Barrett's patents, alleged to be infringed, unnecessary. Suffice it to say, we are satisfied no anticipation has been shown and infringement is made out, unless—First, the claims of both the Barrett patents are so restricted by reference to the lifting-jack patent No. 312,316, before referred to, as not to embrace the variety of jack used by Forgie; or secondly, because the curved track as used in the Forgie device is not embodied in the claims of the said patents. The first objection is met by the fact that while patent No. 455,993 states, "My invention relates to the same general class of jacks as are set forth in letters patent No. 312,316, granted to me February 17, 1885, and has practically the same object in view," yet in other parts a broader meaning or definition is given by the applicant to the term "lifting jack" than we have felt constrained to put on it in considering that patent. This broader meaning he has a right to put upon

it so as to explain the scope of his invention, and the specification must be read in the light of that definition. He says:

"My invention relates to what might generally be termed 'lifting jacks,' that is, to power mechanism in which a step by step movement back and forth is obtained, said mechanism being actively operated in one direction to move or raise a load, and passively operative in the other direction to control the movements of a load, such as in lowering a load lifted by the jack. By such terms it is, of course, to be understood that the invention includes any device embodying its principle, whether the power is exerted in a vertical, horizontal, or other line."

In No. 455,994 the language is still broader in some respects, and by the insertion of a contemplated "curvilinear" movement in express terms. In both patents the claims now contended for are "in a jack," using the broad generic term. We think the patents come within the spirit of the decision in Electric Co. v. La Rue, 139 U. S. 601, 11 Sup. Ct. Rep. 670, and that the claims should not have the narrow construction contended for. We are unable to read into the claims, from the mere reference made in the specifications to patent No. 312,316, the limitations of a "lifting jack" and a "lifting bar" contained in the claims of that patent. In regard to the second point, we are of opinion that the use of a curvilinear track is such an analogous use as comes within the claims. Indeed, such a motion is expressly stated in the specification of one patent, as we have seen. We are therefore of the opinion device No. 2 infringes the first, second, and sixth claims of patent No. 455,993, and the third claim of patent No. 455,994. Let a decree be drawn.

ACHESON, Circuit Judge, concurs.