DUFF MANUF'G CO. v. FORGIE.[1]

(Circuit Court of Appeals, Third Circuit. January 23, 1894.)

No. 25.

1. PATENTS—LIMITATION OF CLAIMS—LIFTING JACKS.
　　A patent whose subject is "a lifting jack," and the claims of which are restricted by the words "in a lifting jack," cannot be extended so as to cover an adaptation of the jacking mechanism to the production of a horizontal circular motion, for the purpose of unscrewing oil-well tools. 57 Fed. 748, affirmed.

2. SAME—INFRINGEMENT—EQUIVALENTS.
　　A horizontal, semicircular, immovable, toothed rack bar, along which a jack is made to travel by means of the jacking mechanism for the purpose of unscrewing oil-well tools, is not the equivalent of a straight, toothed, movable lifting bar in a lifting jack.

3. SAME—LIMITATION OF CLAIM.
　　The Barrett patent, No. 312,316, for an improvement in lifting jacks, is restricted to a jack for lifting and not for producing horizontal circular motion. 57 Fed. 748, affirmed.

Appeal from the Circuit Court of the United States for the Western District of Pennsylvania.

In Equity. Suit by the Duff Manufacturing Company against William Forgie for infringement of patents. Decree for complainant. 57 Fed. 748. Defendant appeals. Affirmed.

James S. Kay, (Robert D. Totten, on the brief,) for appellant.

William L. Pierce, (Jos. R. Edson, on the brief,) for appellee.

Before DALLAS, Circuit Judge, and BUTLER and GREEN, District Judges.

GREEN, District Judge. The bill of complaint in this case was filed by the appellant, as complainant, to restrain an alleged in-

[1] Rehearing denied.

fringement of certain "jacking mechanisms" which it was charged had been invented by one Josiah Barrett, and for which he had obtained three letters patent. The first was granted February 17, 1885, and is numbered 312,316; the other two were granted July 14, 1891, and are numbered, respectively, 455,993 and 455,994. These letters patent all relate to "improvements in lifting jacks," and they have been duly assigned by the patentee to the complainant and appellant in this suit. The court below in determining the issues in this case, for reasons fully stated in its very exhaustive opinion, came to the conclusion that, so far as the latter two patents were concerned, the devices made and used by the defendant were infringements, but that, as to the letters patent earlier in date, the claims were by their phraseology so narrowed in meaning and restricted in application that the devices made by the defendant must be regarded as wholly outside the limit of their operation. In accordance with these conclusions a decree was had, and from so much of that decree as denied the infringement of the earlier letters patent, this appeal has been taken.

The only question, therefore, before this court is, does the mechanical device which the defendant has been manufacturing and using, and the admitted purpose of which is to screw together and to unscrew oil-well drilling tools, infringe any of the claims of patent in question, No. 312,316. This patent deals, in terms, with "lifting jacks;" and the inventor declares, in the specifications, that he has invented a certain new and useful improvement in such machines, which has for its object, and which accomplishes for the first time successfully, a continuous movement of the "lifting bar," a most material part of the jack, by up stroke or down stroke of the operating lever.

The patentee, throughout the specification of the patent and in every claim therein, invariably characterizes his invention as an improvement for a "lifting jack." There are seven distinct claims in the patent, and each one is prefaced with the words "in a lifting jack," etc. In all the claims, save one, he limits his invention still further by the use of the words "a toothed lifting bar," as descriptive of a material part of his invention. In construing these claims the court below held that they necessarily limited the improvement invented to a mechanism known as a "lifting jack,"— that is to say, a jack whose chief, if not sole, operative purpose was "to lift;" that, as the device or jack manufactured and used by the defendant was not capable of lifting, nor did it, indeed, lift vertically, but in operation rather moved or pushed horizontally only, it could not fairly be adjudged to be included within the descriptive words of the claims, and hence was not an infringement.

This position, as taken by the court below, seems to be impregnable. It is the chief office of a claim to particularize and limit the monopoly of use which is secured to the inventor by the letters patent. Within the limits which are by the claim marked out and definitely established as the scope of the invention, no one can venture to intrude without becoming a trespasser upon the exclusive

rights secured to the inventor. The very purpose of a claim is to establish the line of demarcation between a permissive and lawful use and the forbidden and unlawful use. In its scope, its operative power, its comprehensive effect, the public have no less interest than the inventor. In drafting a claim the applicant for the grant of a monopoly is directly dealing with the rights of the public, and, in such cases, strictness, rather than elasticity, of construction must obtain. The language by which the comprehensive boundaries of a claim are to be made distinctive and clear lies wholly within the selection of the inventor. He alone may choose the words to describe and particularize his invention. When chosen and used, such words must be held to be binding upon him.

Applying these elementary principles to the claims of the letters patent under consideration, the conclusion reached by the court below is inevitable. The learned judge who delivered the opinion of the court says:

"The words employed (in specification and claims) all show that the only species of mechanism, power, or application in mind was in an up and down motion, that it was adapted to a lifting jack, and that the patentee had no purpose to apply it elsewhere. There is not the remotest hint in specification or claim of its application to any other form of mechanism or variety of jack. * * * What he claimed he should be allowed, in letter and in spirit; what he did not claim, either in letter, spirit, or suggestion, he must be held to have abandoned." Manufacturing Co. v. Forgie, 57 Fed. 748.

And upon the finding that the device of the defendant (appellee) was, in no sense of the word, or in mechanical function, a lifting jack, there was judgment of noninfringement. This seems to be an end of this case. But on the argument of the appeal it was most strenuously contended by the counsel for appellant that, in view of the circumstances of this case, as well as of the general nomenclature and state of the art, this construction of the claims of the letters patent was too strict, and worked great injustice. The insistment was that the term "lifting jack" had lost its original restricted and specific meaning, and had taken on the broader comprehensiveness of a generic term; that, in fact, it comprehended in the art all "jacks" in which the mechanical generation and pressure of force were similar to the jack in question; that the device which the defendant had been manufacturing and using was, in very truth, the jack invented and adapted by Barrett; and that the sole alteration made by the defendant was to be found only in a change of position of the jack itself. Instead of standing upright, it was placed upon its side, and operated in that position; the result being that a "jack" technically known as a "lifting jack" became, without alteration, capable of moving or pushing horizontally.

If this contention was in thorough harmony with the facts, it would undoubtedly have great weight. If the novel use be simply a double use, infringement is not thereby escaped. But, before it be conceded that this is an example of "double use," it must be remembered it is an absolutely essential ingredient of a double use that the alleged infringing device or mechanism must be identical with the patented invention. The facts in this case seem to show

that such identity in the devices of these parties does not exist. The chief design of Barrett's invention was to obtain a continuous movement of the "lifting bar," progressively or retrogressively, by the upward or downward movement of the lever of the jack. Now the function of the "lifting bar" was to transmit force, generated by the jack, to the object which was to be lifted, or, to speak more broadly, to be moved. In the operation of the jack it became and was, indeed, quite as important as any other part of the mechanism. The mechanism of the jack, other than the bar, is confined within a fixed structure and practically immovable. The lifting bar alone, by its steady progressive pressure against the object to be lifted or moved, accomplished the desired result. To maintain constant pressure against a moving object the bar must necessarily be movable; and it was to invest this movable lifting bar with a retrograde, as well as an advancing, action that the somewhat complicated combination of lifting bar with pivotal levers, prawls, spring-actuated levers, and movable plates was made by Barrett. Eliminate from this mechanical combination the movable "lifting bar," and the invention of Barrett would be stripped of efficiency and power. So far as accomplishing the work it was intended to do, it would be a complete failure.

Now it cannot be denied that in the mechanical device manufactured and used by the defendant there is no "lifting bar;" but the jack, wanting a lifting bar, is itself movable. When in operation it moves or travels upon a fixed and permanent rack bar. This rack bar is semicircular in shape and, viewed sectionally, not unlike the rail known as a T rail. Its purpose is to afford to the prawls of the operating lever the support sufficient to generate power, actuating the jack itself; and as it was necessary in the appellant's jack that the lifting bar should, to accomplish its work, be movable, equally is it necessary in the defendant's device that the rack bar, to fulfill its part in the scheme, should be immovable. The aim of the one was readily to communicate force; the design of the other was positively to resist force. From this brief description it is apparent that in the defendant's device there is wholly wanting the "lifting bar" of the appellant's jack. Nor is it understood that this is seriously disputed, but the insistment is that the rack bar of the defendant's device is simply an equivalent for the "lifting bar" of the appellant's jack.

We cannot assent to this proposition. An equivalent, in the law of patents, is defined to be "any act or substance which is known in the arts as a proper substitute for some other act or substance, employed already as an element in an invention, whose substitution for that other act or substance does not in any manner vary the idea of means. It possesses three characteristics: (1) It must be capable of performing the same office in the invention as the act or substance whose place it supplies; (2) it must relate to the form of embodiment alone, and not affect in any degree the idea of means; (3) it must have been known in the arts, at the date of the patent, as endowed with this capability." 1 Rob. Pat. § 247. Compared

with the lifting bar of Barrett's jack, the rack bar of the defendant's device possesses neither one of these necessary characteristics. It cannot perform the office of the lifting bar; it does affect and vary the idea of means; it was not known in the arts, at the date of the patent, as an equivalent for the lifting bar. Certainly, it would have demanded an especially vivid imagination to find for a toothed lifting bar, necessarily movable and perfectly straight, whose purpose it was to transmit power when generated, an equivalent in a rack bar, semicircular in shape, permanently immovable, whose purpose it was to aid in the generation of power, by its resistance to force.

It is impossible, then, to yield assent to the proposition that the two bars are simply equivalents. It follows that the device of the defendant is not the device protected by the letters patent under consideration, and consequently the charge of infringement fails. The result is that, upon both grounds discussed, the judgment below is affirmed.