TANNAGE PATENT CO. v. DONALLAN.

(Circuit Court, D. Massachusetts. June 25, 1896.)

No. 716.

1. PATENTS—PRELIMINARY INJUNCTIONS—EFFECT OF DECISIONS ELSEWHERE.
Where the validity of a patent has been established in a prior litigation, and especially by an appellate court, the patentee is entitled to a preliminary injunction in a suit against a different party in a different district, unless defendant shows that he does not infringe, or brings forward new evidence of such a character that the court is reasonably satisfied that, if presented in the prior case, a different conclusion would have been reached.

2. SAME—PROCESS FOR TANNING LEATHER.
Preliminary injunction against the infringement of the Schultz patents, Nos. 291,784 and 291,785, for a process for tanning leather, granted, on the strength of a prior decision sustaining the same (Patent Co. v. Zahn, 17 C. C. A. 552, 70 Fed. 1003), notwithstanding the introduction, as new evidence, of the old Francillon French and English patents.

This was a suit in equity by the Tannage Patent Company against John E. Donallan for infringement of letters patent Nos. 291,784

and 291,785, for a process for tanning leather. Complainant has moved for a preliminary injunction.

Frederick P. Fish, Wm. K. Richardson, and Geo. R. Blodgett, for complainant.

W. Orison Underwood, James H. Lange, and Odin B. Roberts, for defendant.

COLT, Circuit Judge (orally).    In the first place, on the question of infringement, I think the complainants have made out a prima facie case, which the defendant should have met and overcome by sufficient proof.   If a preliminary injunction be granted, and the defendant chooses to move to dissolve it, and can show that he does not use the Schultz process, it would be the duty of the court to vacate the order.   But, as the proof now stands, the complainants have made out their case upon this point.

The main question raised on this motion relates to the validity of the Schultz patents in view of the old Francillon French and English patents.   Upon this point the case stands as follows: These patents are not 'for the first time brought before a court for adjudication.   If it were so, the position of the court would be entirely different.   They have been litigated in the Third circuit, in a case extending over a period of more than two years, where their validity was vigorously contested, and finally sustained by the appellate court.   Patent Co. v. Zahn, 17 C. C. A. 552, 70 Fed. 1003.   I am aware that the defendant here is a different party from the parties to that suit.   He, therefore, is entitled, upon final hearing, when the evidence is all in, to have the questions reviewed which were passed upon by the circuit court of appeals for the Third circuit; but at this stage of the case, upon motion for a preliminary injunction, the rule is that, where the validity of a patent has been established in a prior litigation, and especially by an appellate court, the patentee is entitled to a preliminary injunction in another suit brought against another defendant in a different district, unless the defendant can show that he does not infringe, or brings forward new evidence on the question of validity of such a character that the court is reasonably satisfied that, if the same evidence had been presented in the other case, that court would have reached a different conclusion.   Now, I do not think that if the Francillon patents had been in the record before the circuit court of appeals for the Third circuit, that court would have arrived at any different conclusion as to the validity of the Schultz patents.   The Francillon patents are for a process for printing and dyeing silks, wools, or skins.   The Schultz patents are for a process for tanning leather.   The opinion of the appellate court in the Zahn case discusses the difference between the two processes, and holds that the printing and dyeing process is not analogous to the tanning process, although the same ingredients may be used, because the ingredients are not used for a like purpose, do not affect the materials the same way, and produce different products. From the position taken and discussed by the court in that case,

I do not think that court would have decided the Francillon patents to be an anticipation of the Schultz process. The defendant has not made out a case which, upon its face, throws such doubt upon the validity of the Schultz patents as would justify the court in refusing a preliminary injunction after adjudication by an appellate court sustaining the validity. Following the rule which governs the courts under circumstances similar to those presented in this case, I must grant the motion for a preliminary injunction. The motion is granted.