FORGIE v. DUFF MANUF'G CO.

(Circuit Court of Appeals, Third Circuit. July 19, 1897.)

**1. PATENTS—MECHANICAL EQUIVALENTS.**
 To convert a plate yielding bodily to effect a tripping by the receding of a lug when it comes in contact with the object to be tripped into a plate having yielding lugs performing the same functions is not invention, but mere use of a mechanical equivalent.

**2. SAME—JACKING APPARATUS.**
 The Barrett patent, No. 455,993, for a jacking apparatus, construed, and *held* infringed as to claims 1 and 6. 78 Fed. 626, affirmed.

Appeal from the Circuit Court of the United States for the Western District of Pennsylvania.

William L. Pierce, for appellant.
James I. Kay, for appellee.

Before DALLAS, Circuit Judge, and BUTLER and KIRKPATRICK, District Judges.

KIRKPATRICK, District Judge. This matter comes before the court on an appeal from a decree of the circuit court for the Western district of Pennsylvania (78 Fed. 626), granting to the complainants a preliminary injunction based upon two patents, No. 455,-993, July 14, 1891, and No. 527,102, October 9, 1894, issued to Josiah Barrett, and assigned to the Duff Manufacturing Company. The claims involved are 1 and 6 of patent No. 455,993, and claim 19 of patent No. 527,102; but, inasmuch as the defendant, in his answer, consents that decree be made against him as to claim 19, patent No.

527,102, the court is only concerned with the consideration of the claims 1 and 6 of patent No. 455,993, which are in the following words:

Claim 1: "In a jack, the combination of a bar having teeth on one side thereof, a privotal lever, two pawls pivoted to said lever, and having fingers rigid therewith, and a yielding tripping plate having lugs thereon adapted to engage with said fingers, and through the same draw the pawls from engagement with the toothed bar, substantially as and for the purpose set forth."

Claim 6: "In a jack, the combination of a bar having teeth on one side thereof, a pivotal lever, a pawl pivoted to said lever and having a finger rigid therewith, and a yielding tripping plate mounted on the frame, and having a lug adapted to contact with said finger, and through the same draw the pawl from engagement with the toothed bar, substantially as and for the purposes set forth."

In a former suit brought in this circuit entitled Manufacturing Co. v. Forgie, 57 Fed. 748, upon full consideration the court held this patent, No. 455,993, to be valid, and decided that the complainant was entitled to have such a broad construction put upon his claims as would enable him to obtain the benefit of the full scope of his invention. The validity of the patent having been so sustained, the only question now before us for consideration is one of infringement, and in determining it the court should be guided by the rules of construction laid down in the case above referred to, and which are in conformity with the decision in Electric Co. v. La Rue, 139 U. S. 601, 11 Sup. Ct. 670. In the opinion which has been filed in this cause, and which forms the basis of the decree appealed from, the learned judge sets forth clearly and fully the state of the art before and at the time application was made by Barrett for his patent No. 455,993, and the need which existed for further improvement in the then existing mechanism to adapt the lifting jack of Barrett, manufactured under patent No. 312,316, to the requirements of an "oil-well jack." This mechanism had been provided with a rigid tripping plate, and, in order to provide for the withdrawals of the pawls during the reversing operation, there were pivoted to said pawls spring-actuated fingers, which, when the lever was operated, moved in contact with the tripping plate in such a way as to draw the pawls away from the teeth of the rack. In applying this mechanism to the purposes of an "oil-well jack," it was found that when the joint was tightly coupled together, and the wrenches still applied thereto, the wrenches exerted a very strong pressure against the carriage and the fixed post on the rack bar, and the operation to remove the wrenches from the drill rod so as to permit the latter to be used was found to be very difficult. To overcome this difficulty was the object of the yielding tripping plate provided for in the claims of patent No. 455,993, above set forth. By the substitution of the yielding tripping plate having a lug or lugs thereon adapted to engage with said fingers, and through the same draw the pawls from the toothed bar "for the device described in patent No. 312,316, Barrett gained for his new machine simplicity and strength,—simplicity, in that the parts were reduced in number by the removal of the levers and one of the springs; and strength by his ability to increase the size of the pawls, and relieve them from the strain of carrying the reversing mechanism." In patent No. 455,993 we find

the following elements in combination: A rack bar having teeth upon one side, a frame for pivoted lever, a lever pivoted on a frame and provided with a long and short pawl pivoted thereto, fingers rigidly connected with the pawl, a yielding tripping plate having lugs which, when the plate is in a given position, will engage the rigid fingers on the pawl; the construction specified to produce "power mechanism in which a step by step movement back and forth is obtained, said movement being actively operated in one direction to move a load, and passively operated in the other direction to control the movements of a load." In so far as the rack bar, the pivoted levers, the pawls having fingers, and the tripping plate in general combination are concerned, they are the same in patents No. 312,316 and No. 455,-993, but the constructions differ in that in the prior patent the fingers are pivoted on the pawls, and the springs which accumulate and apply the power to withdraw the pawls from engagement with the rack bar are also mounted on the pawls, while the tripping plate is rigid during its operation. In the patent in suit the fingers are made rigid on the pawls, and the spring which accumulates the power, and applies it to withdraw the pawls from engagement with the rack bar, is transferred to the tripping plate, constituting one element which is called the "yielding tripping plate," the claims of the patent being for the combination of rack bar, pivotal levers, and pawls of fingers, a tripping plate, and springs for applying power to the pawls through the fingers, when the finger is rigidly connected with the pawl, and the storage spring with the tripping plate. The claims of the patent No. 455,993, which are under consideration, cover broadly the idea of the yielding plate without limitation as to the position or form of the plate, the only requisite being that it shall yield in such a way as to accomplish its purposes, viz. the withdrawal of the pawls from engagement with the toothed bar. This will be apparent by reference to page 2, line 10, of the specification of the patent: "The tripping plate is mounted in any suitable way upon the jack frame, being shown in the drawings as pivoted to the same, though it is evident that it may be mounted to slide therein." The device was wholly new. Nothing in anticipation thereof has been brought to the attention of the court, nor cited by way of reference in the patent office. If we turn to the Forgie machine, marked "Exhibit Forgie Jack," and which is claimed to be an infringement, we find a rack bar with teeth on one side, a pivoted lever, and two pawls with rigid fingers pivoted to said lever. These are the same elements found in the Barrett patent, needing only in combination the "yielding tripping plate" to make it similar throughout. To perform the functions of the complainant's yielding tripping plate, the defendant has adopted an ingenious device. Instead of pivoting the tripping plate to the jack frame, and placing a spring under the same by which the whole body of the tripping plate is pressed upwardly against the rigid fingers of the pawl, he has devised a plate which slides in the frame, and secured within the plate, and projecting up therefrom in position to be engaged by the rigid fingers of the pawls are the spring fingers, so that, while the plate as a whole is rigid, yet, with the yielding fingers placed thereon, the same result is obtained

in practically the same manner as in the patent in suit. The yielding of the plate within itself is the clear equivalent of the bodily yielding of the plate, while the spring fingers form lugs which store the power, and give a movement the same in principle as that of the complainant's jack. To convert a plate yielding bodily to effect a tripping by the receding of a lug when it comes in contact with the object to be tripped into a plate having yielding lugs performing the same functions, requires no exercise of the inventive genius. The latter seems to us but the equivalent of the former. The defendant's machine being similar in its other elements, to which reference has been made, and the tripping mechanism being but the equivalent of the complainant's tripping plate, we are of the opinion that the infringement of claims 1 and 6 of complainant's patent No. 455,993 is clearly shown, and that the decree of the circuit court should be affirmed.