### DUFF MFG. CO. v. KALAMAZOO RAILROAD VELOCIPEDE & CAR CO.

(Circuit Court, W. D. Michigan. S. D. August 3, 1898.)

1. PATENTS—PRELIMINARY INJUNCTION.

Where a patent has been sustained by the circuit court of appeals in another circuit after a serious contest, the court will award a preliminary injunction, if infringement is clear, and postpone to the final hearing all questions relating to the validity of the patent, unless there is new evidence so clear and persuasive in character as to leave no fair doubt that such former decision was erroneous, and would have been different if the new matter had been before the court.

2. SAME—JACKING APPARATUS.

The Barrett patents, Nos. 455,993 and 527,102, for a jacking apparatus, construed on motion for preliminary injunction, and *held* valid and infringed; the former as to claims 1 and 6, and the latter as to claim 19.

This was a suit in equity by the Duff Manufacturing Company against the Kalamazoo Railroad Velocipede & Car Company for alleged infringement of letters patent No. 455,993, granted July 11, 1891, and No. 527,102, granted October 9, 1894, both to Josiah Barrett, for a jacking apparatus. The claims involved are 1 and 6 of the earlier patent, and 19 of the later one. The cause was heard on a motion for preliminary injunction.

Kay & Totten, for complainant.

Howard, Roos & Howard, for defendant.

SEVERENS, District Judge. A motion is made in this case for a preliminary injunction to restrain the defendant from manufacturing or selling a certain kind of lifting jacks, which are alleged to be infringements of the patents of the complainant. It appears from examination that the claims in the complainant's patents here sued on have been the subject of litigation in the federal courts of the Third circuit, where their validity has been sustained by the circuit court and the circuit court of appeals upon records nearly as full as the present in respect to the defense of anticipation. Manufacturing Co. v. Forgie, 57 Fed. 748, 78 Fed. 626; Id., 26 C. C. A. 654, 81 Fed. 865. Upon that point the question was quite elaborately considered, and evidently upon a bona fide record and strenuous controversy. The general rule of comity requires this court, in such circumstances, to

award a preliminary injunction, if there is infringement, and postpone to the final hearing the determination of the questions relating to the validity of the patent, unless there is new evidence of such clear and persuasive character as to leave no fair doubt that the former decision was erroneous in point of fact, and would have been different if the new matter had been before the court. Electric Mfg. Co. v. Edison Electric Light Co., 10 C. C. A. 106, 61 Fed. 834.

The defendant here, for the purpose of obviating the consequences of this rule, submits and relies upon the Gard patents, Nos. 116,296 and 123,010, as clear anticipations of the complainant's claims. But, whatever consideration and effect may be given to those patents upon final hearing, I think it cannot be held that they constitute such clear and positive proof of anticipation as to meet the requirement of the present occasion. I think a preliminary injunction should issue as prayed.