## DUFF MFG. CO. v. NORTON.

### (Circuit Court, D. Massachusetts. March 15, 1899.)

### No. 1,068.

1. PATENTS—PRELIMINARY INJUNCTION—EFFECT OF PRIOR DECISIONS.

The rule as to the effect, on a motion for a preliminary injunction, of a prior adjudication by a circuit court of appeals of another circuit sustaining the patent in issue, is applicable even when such prior adjudication was itself rendered on an issue as to the propriety of a preliminary injunction, when the court nevertheless fully considered the case on its merits.[1]

2. SAME.

On a motion for a preliminary injunction, a prior decision has the same effect on the question of infringement as on the question of validity, where the court fully considered the question of infringement, and gave the patent so broad a construction as to clearly include the device complained of in the subsequent case.

3. SAME.

In considering the effect of a prior decision, rendered after fully considering the merits, the court has a right to rely on the presumption that all defenses, both on the question of validity and infringement, were presented and considered in that litigation.

4. SAME—LIFTING JACK.

A preliminary injunction granted upon the Barrett patent, No. 455,993, for a lifting jack, upon the strength of prior decisions in other circuits.

This was a suit in equity by the Duff Manufacturing Company against Arthur O. Norton for alleged infringement of letters patent No. 455,993, issued July 14, 1891, to Josiah Barrett, for a lifting jack. Only claims 1, 2, and 6 of the patent were in issue. These claims read as follows:

"(1) In a jack, the combination of a bar having teeth on one side thereof, a pivotal lever, two pawls pivoted to said lever, and having fingers rigid therewith, and a yielding tripping plate having lugs thereon adapted to engage with said fingers, and, through the same, draw the pawls from engagement with the toothed bar, substantially as and for the purposes set forth.

"(2) In a jack, the combination of a bar having teeth on one side thereof, a pivotal lever, two pawls pivoted to said lever, and having fingers rigid therewith, and a yielding tripping plate pivoted to the jack frame, and having lugs thereon adapted to engage with said fingers, substantially as and for the purposes set forth."

"(6) In a jack, the combination of a bar having teeth on one side thereof, a pivotal lever, a pawl pivoted to said lever, and having a finger rigid therewith, and a yielding tripping plate mounted on the frame, and having a lug adapted to contact with said finger, and, through the same draw, the pawl from engagement with the toothed bar, substantially as and for the purposes set forth."

---

[1] As to effect of previous adjudication, see note to National Cash-Register Co. v. American Cash-Register Co., 3 C. C. A. 565.

The cause was heard upon a motion for a preliminary injunction.

James I. Kay and Robert D. Totten, for complainant.
Edward S. Beach, for defendant.

PUTNAM, Circuit Judge. This is an application for an ad·interim injunction, alleging infringement of claims 1, 2, and 6 of the patent in issue here. The complainant relies on that branch of the law which supports such applications by the results of antecedent litigation, even where the parties are not the same, as explained by the circuit court of appeals for this circuit in Wilson v. Store-Service Co., 31 C. C. A. 533, 88 Fed. 286. The complainant has cited the following decisions which relate to the letters patent now in suit:

Manufacturing Co. v. Forgie, 57 Fed. 748, heard on bill, answer, and proofs, and decided in favor of the complainant by. the circuit court in the Third circuit, July 10, 1893. We have not yet been informed that any appeal was taken in that case, and the judgment stands as of full effect on the merits. There was involved in that suit the patent now in issue, besides some other patents, not necessary to detail, but relating to the same subject-matter; and, so far as the patent now in suit is concerned, the same claims were in issue,—the first, second, and sixth. The validity of the claims was sustained, but the question of infringement was entirely unlike that raised here. Therefore that judgment stands in support of the complainant so far only as the question of validity is concerned.

The. complainant next refers to Manufacturing Co. v. Forgie, 78 Fed. 626, decided by the circuit court in the Third circuit, February 1, 1897. This was an application for an ad interim injunction, based on the first and sixth claims of the patent in issue here, having no reference to the second claim. The result was an injunction as prayed for, which was sustained on appeal, July 19, 1897, in Forgie v. Manufacturing Co., 26 C. C. A. 654, 81 Fed. 865. The case on appeal is also, reported under the same title in 55 U. S. App. 27. The circuit court of appeals not only considered the validity of the claims, but determined their construction with reference to the question of infringement, and gave them a broad effect. We do not understand that this case has gone further. We are not advised what efforts have been made to bring it to a hearing on bill, answer, and proofs, or whether or not, notwithstanding the lapse of time since the decision of the circuit court of appeals, there was sufficient reason for not bringing the suit to a final determination.

The same patent came before the circuit court in the Sixth circuit, and its validity was sustained by an opinion rendered August 3, 1898, in Duff Mfg. Co. v. Kalamazoo Railroad Velocipede & Car Co., 94 Fed. 154. The record does not show to what particular claim this case related. The issue was on an application for a preliminary injunction. We are not advised of any further progress in the case, or of any efforts to bring it to a conclusion. Neither are we advised sufficiently about this decision to enable us to determine whether it is of any value for our present purposes.

The effect of such prior adjudications with reference to applications for ad interim injunctions in patent causes was very clearly stated in

this court by Judge Colt, February 18, 1893, in Edison Electric Light Co. v. Beacon Vacuum Pump & Electrical Co., 54 Fed. 678. The rule was formulated by the circuit court of appeals for the Seventh circuit, May 1, 1894, in Electric Mfg. Co. v. Edison Electric Light Co., 10 C. C. A. 106, 61 Fed. 834, 836; and, as so formulated, it was repeated by the circuit court of appeals for this circuit, February 14, 1896, in Bresnahan v. Leveller Co., 19 C. C. A. 237, 72 Fed. 920, 921. In view of the expressions of this court, October 8, 1897, in Beach v. Hobbs, 82 Fed. 916, 918, and sequence, as to the effect to be given generally to decisions of the circuit courts of appeals in the various circuits, which expressions were approved, at least to some extent, by the circuit court of appeals in the same case on appeal, in an opinion passed down February 13, 1899 (92 Fed. 146), it may be that the rule applied to ad interim injunctions may so develop as to affect hearings on the merits on full records. The rule, as stated in the cases referred to, has express relation to prior adjudications after hearings on the merits on bill, answer, and proofs; but our examination of the opinion in Forgie v. Manufacturing Co. shows that the circuit court of appeals for the Third circuit fully considered the merits, although the issue related to an ad interim injunction. Moreover, the defendant does not contest the application of the rule to which we have referred. He maintains, however, that, in accordance with American Pneumatic Tool Co. v. Bigelow Co., 23 C. C. A. 603, 77 Fed. 988, the question of infringement is open. American Pneumatic Tool Co. v. Bigelow Co., however, goes only to the extent that, so far as any issues are raised on applications for preliminary injunctions which have not been covered by the prior litigation, they are open to the defendant; and, being so, it of course follows, as stated in Wilson v. Store-Service Co., already referred to, that the issues so open must be made clear in favor of the complainant. The rule, however, has no application to the case at bar, because the circuit court of appeals for the Third circuit, in Forgie v. Manufacturing Co., gave so broad a construction to claims 1 and 6, and laid down so broad a rule, as to cover the issue of infringement in the case at bar. The form of the defendant's device here seems, on this hearing, to be so akin to that presented to the circuit court of appeals for the Third circuit that no essential distinction can be discovered between them.

The defendant maintains, on the issue of infringement, that, on their proper interpretation, the claims in issue are not so broad as to reach the defendant's device, and that, if their construction permits them to be held so broad as this, they have been anticipated, and, perhaps, fail in invention. In other words, while he makes at this hearing no issue of the validity of the claims in issue, he maintains that they are to be narrowly construed, and, being so construed, do not reach his device. The difficulty, however, with reference to this as a general proposition, is, as we have already said, that the prior litigation has determined this issue in favor of the complainant. The defendant, however, urges upon us for our consideration that his device is constructed under a patent issued to him later in date than the patent in suit; that it is, in principle, the same as the device shown by a patent to the same inventor in 1884; and that, if the patent in

suit is to be construed broadly, it was anticipated by a patent to one Alfred. Unfortunately, the reports of Forgie v. Manufacturing Co., decided in the circuit court of appeals for the Third circuit, do not show what alleged anticipatory patents were before the court. It is enough to say, however, that none of these grounds of defense come within the rule stated in the cases cited by us, that the new evidence, in order to avail, must be cogent. Giving to the decision of the circuit court of appeals for the Third circuit the effect which we have given to it,—that is to say, that the claims are sufficiently broad to cover the infringement in this case,—the defendant does not raise a new issue, but he only offers new evidence on an old issue; that is, certain alleged anticipatory matters in the way of other patents, which may or may not have been before the circuit court of appeals for the Third circuit. Where there has been so much litigation as in the case at bar, and the patent has not only been sustained, but held to be of so broad a character as to cover the alleged infringing device shown on a new application for an ad interim injunction, it cannot be expected that the court to whom the application is made will so far delve into the merits as to fully determine the effect of new alleged anticipatory matters, whether relating only to the validity of the patent or to the construction of the claims, and, therefore, to the question of infringement. When there has been a prior, thoroughly considered decision on the question of infringement, the rule necessarily applies with the same effect as to a question of the validity of the patent. Indeed, in many cases one issue is involved in the other. In either case the court to which the later application is made has a right to rely on a presumption that all defenses of value were presented and considered in the earlier litigation. A different practice would deprive an inventor of the substantial advantages of the results of protracted litigation in the first case, and would subject him, on the subsequent application, to all the labor and cost of investigating the merits on every discovery of some supposed anticipatory matter not brought forward in the prior suits; and to the discovery of such matter there is, of course, no end. Therefore, unless on all such issues the court ordinarily accepts the result of the prior litigation, except for some matter which is clear and cogent, the beneficent rule with reference thereto would be substantially lost. The circuit court of appeals for this circuit, February 14, 1896, in Bresnahan v. Leveller Co., already referred to, at page 242, 19 C. C. A., and page 924, 72 Fed., explains this proposition with reference to a prior decision of the same court; and the line of reasoning there employed applies fully to decisions in other circuits, in connection with applications for ad interim injunctions. Giving force to this practice, we perceive nothing sufficient to require us to reinvestigate the merits of the questions passed on by the circuit court of appeals for the Third circuit, and we think that the complainant is entitled to the benefit of that litigation with reference to claims 1 and 6, which alone were there in issue. In reaching this conclusion, we prefer not to make use of the stronger expressions found in the cases through which the practice applied here originated, as we deem it sufficient to say that the defendant does

not offer us any new evidence so cogent on its face as to require us to reinvestigate the merits on this application.

In Wilson v. Store-Service Co., 31 C. C. A. 533, 88 Fed. 286, already cited, the court made some observations to the effect that, inasmuch as ad interim injunctions in patent causes do not ordinarily maintain matters in statu quo, the strict rules stated in that case applied. In the case at bar, however, it appears that the effect of the ad interim injunction would be practically to hold matters in statu quo. The refusal of the injunction might operate in very great injury to a long-established and extensive business, controlled by the complainant, while it would cause no serious injury to the defendant, whose manufacture of the alleged infringing device has been but lately commenced, is, apparently, not extensive, and has not become one of his principal occupations. Moreover, he must have known of the litigation to which we have referred, and have taken his chances in view of it. Therefore the court, feeling that it can do no substantial injustice thereby, is the more content with its conclusions. Also Judge Colt's line of reasoning in Patent Co. v. Donallan, 75 Fed. 287, decided June 25, 1896, supports us in the case at bar, although the issue before him was only as to the validity of the patent.

In relation to the duty of diligence in bringing the cause to a final hearing, we do not fail to appreciate the inevitable embarrassments and delays to which counsel are compelled to submit in patent litigation. Nevertheless, in view of the fact that the case in the Third circuit, referred to, has not been brought to final hearing, so far as we are advised, and that the answer in the pending suit was filed in December last, we feel it our duty to inform the parties that, if the defendant shall hereafter be of the opinion that due diligence is not used in bringing the suit to a hearing on bill, answer, and proofs, we would consider, at the proper time, a motion for a dissolution of the injunction now ordered, based on the want of such diligence.

We deem it proper to remark that, in reaching our conclusions, we have rested entirely upon the results of the prior litigation, and we have endeavored, so far as possible, to form no judicial opinion touching the merits. Let there be a decree, in accordance with rule 21, for an ad interim injunction with reference to claim 1 and claim 6.