DUFF MFG. CO. v. KALAMAZOO RAILROAD VELOCIPEDE & CAR CO.

(Circuit Court, W. D. Michigan, S. D. May 21, 1900.)

PATENTS—ANTICIPATION AND INFRINGEMENT—LIFTING JACKS.

The Barrett patents, Nos. 455,993, 455,994, and 455,995, for improvements in lifting jacks, considered with reference to anticipation of the yielding tripping plate, upon which such patents rest, by the Gard device, shown in patents Nos. 116,296 and 123,010, and *held* not anticipated, and valid and infringed.

In Equity. Suit for infringement of patents. On final hearing.

Kay & Totten, for complainant.
Howard, Roos & Howard and Fred L. Chappell, for defendant.

WANTY, District Judge. This suit is based on three patents, Nos. 455,993, 455,994, and 455,995, all dated July 14, 1891, granted to Josiah Barrett for improvements in lifting jacks, and assigned by him to the complainant. Claims 1 and 6 of 455,993 are alleged to be infringed, and these claims are in the following language:

"(1) In a jack, the combination of a bar having teeth on one side thereof, a pivotal lever, two pawls pivoted to said lever and having fingers rigid therewith, and a yielding tripping plate having lugs thereon, adapted to engage with said fingers, and through the same draw the pawls from engagement with the toothed bar, substantially as and for the purposes set forth."

"(6) In a jack, the combination of a bar having teeth on one side thereof, a pivotal lever, a pawl pivoted to said lever and having a finger rigid therewith, and a yielding tripping plate mounted on the frame, and having a lug adapted to contact with said finger, and through the same draw the pawl from engagement with the toothed bar, substantially as and for the purposes set forth."

Claim 3 of patent 455,994 is as follows, and is alleged to be infringed:

"(3) In a jack, the combination of a bar having teeth on one face thereof, a frame having an operating lever mounted therein, a pawl pivoted to said lever and carrying a projection or finger, a yielding tripping plate mounted on said frame, and having a shoulder engaging with said pawl finger, and a spring supported by the jack frame, and pressing against said tripping plate, substantially as and for the purposes set forth."

Claim 3 of patent 455,995 is also alleged to be infringed, and is:

"(3) In a jack, the combination of a bar having teeth on one face thereof, a pivoted hand lever having a pawl engaging with said toothed bar, a slidable tripping plate mounted on the jack frame, and having a spring pressing against the same to hold it in its operative position, and a withdrawing device to hold said plate away from engagement with said pawl, substantially as and for the purposes set forth."

The defenses are anticipation and noninfringement, and it is contended on behalf of the defendant that, if the patents sued on are given the broad construction claimed for them by the complainant, they are anticipated by the patents issued to Emory R. Gard,—No. 116,296, June 27, 1871, and No. 123,010, January 23, 1872,—and, if a narrow construction is necessary to sustain the patents, then there is such a dissimilarity in the mechanism of defendant's structure used to obtain the same result that it does not infringe. The complainant contends that the validity of patents Nos. 455,993 and 455,994 has been established in prior litigation, and as to those patents the court should require most cogent proof before holding them invalid. Manufacturing Co. v. Forgie (C. C.) 57 Fed. 748; Manufacturing Co. v. Forgie (C. C.) 78 Fed. 626; Forgie v. Manufacturing Co., 81 Fed. 865, 26 C. C. A. 654; Manufacturing Co. v. Norton (C. C.) 92 Fed. 921; Manufacturing Co. v. Norton (C. C.) 96 Fed. 986. In none of the cases referred to was the anticipating matter pressed by the defendants here brought to the attention of the court or passed upon. I have not overlooked the fact that in the defendant's answer in the Forgie Case (C. C.) 57 Fed. 748, the Gard patent, No. 123,010, is, with more than 20 others, set up as anticipating the Barrett invention, but it was not put in proof, nor passed upon by the court, and this court is not bound by principles of comity to follow that judgment, nor the others referred to, as they were all based upon records in which the defense relied upon here was not brought to the attention of the court. This court is, therefore, free to examine the alleged anticipation of the Barrett device by that of Gard. It is practically conceded by both parties that, if the Gard patents do not anticipate, under the broad construction claimed by complainant, then on this record complainant's patents must be held to be valid and infringed. All of the patents introduced in evidence are for improvements in lifting jacks; and not only Gard, but a dozen others, had issued to them patents for improvements in jacks bearing more or less similarity to that of complainant before Barrett's first patent, No. 312,316, February 17, 1885. The idea of a lifting jack which by the same movement of the lever would raise and lower a load by a step by step movement was not new, as the records of the patent office, which were thoroughly searched by the defendant before manufacturing its device, disclose. It would seem, however, that Barrett first discovered and used for this purpose the yielding tripping plate upon which his patents rest, unless that device is described by the Gard patent. In the Gard patent No. 116,296 this device for lowering is described in the following language:

"An important feature in this invention is a device for lowering weights automatically by the same action of the lever and pawls as when raising weights, the construction, arrangement, and operation thereof being sub-

stantially as follows: On the two opposite sides of the standard, A, are pivoted two guides, G, G, so that they can be swung into different positions. Their upper ends are curved substantially as shown, or otherwise formed so as to effect the purpose desired, and their lower ends are weighted so as to hold the upper ends steadily in position for the suspended pawls, E, E, which project laterally over the guides, to slide on without disturbing them when the device is in action. These guides, when not in use, are swung up into the position shown in Fig. 1, and are held there by a sliding band, H (or its equivalent), on the stock of the standard, A, this band catching into a notch, f, in the edge of one of the guides, as shown. When the guides are to be brought into action, the one having the notch, f, is lifted a little to disengage the slide, H, which drops or slides on the standard till it reaches and rests on stops, g, g, on the standard, as seen in Fig. 2. The guides then swing down by their own gravity into the position shown in Fig. 2, being held there in the exact positions required by stops, h, h, thereon striking the sides of the standard. The upper ends of the guides in this position are such as to throw the pawls, E, E, sliding thereon successively out of gear with the teeth of the ratchet bar, B, in descending, as indicated at the left hand in Fig. 2, but not to prevent the ascending pawl from taking into the next higher ratchet tooth, as indicated at the right hand in the same figure. The effect is to lower the lifting bar by the ordinary action of the lever,—a great desideratum in lifting jacks."

It will be noticed that the parts adapted to perform the functions of the yielding tripping plate are called "guides"; but defendant's counsel say that if they answer the same purpose, and are in effect the same device, it does not matter whether they are called "guides" or a "tripping plate." That is true, but they are described as stationary when in action, "so as to hold the upper ends steadily in position for the suspended pawls, E, E, which project laterally over the guides, to slide on without disturbing them when the device is in action." One could not, by reading the description in this patent, have any idea that these guides were expected to perform the duties of a yielding tripping plate. To be sure, a model has been made from the specifications in the patent, with some modifications, in which these guides are movable when the device is in action, and they then perform the functions of a yielding tripping plate. If this model had been described in the patent, and the functions of the guides stated therein to yield as they do in the model, then I would have no hesitancy in holding that this Gard patent anticipated the complainant's; but the guides, according to Gard's description, are to be held "steadily in position for the suspended pawls to slide on without disturbing them when the device is in action."

In the second Gard patent,—No. 123,010,—the functions of these guides are referred to as follows:

"In order to adapt the weighted or swinging guides, G, G (claimed in a former patent issued to me for changing the lifting to a lowering jack), to the long and short pawls, D, E, and still be able to adjust them simultaneously, they are hung on pivots, j, k, respectively, opposite to or in line with each other, and their upper ends reach the different heights, so as to meet the pawls in the proper positions. The catch notches, l, l, of the two guides are also in line, so that the same swinging detent, I, may retain both at the same time, as indicated in full lines in Fig. 1, and relieve both together when it is swung down into the position indicated by dotted lines in the same figure. This detent may be simply and cheaply made of a single piece of wire bent into the form shown. The full lines in Fig. 1 show the position of the guide, G, when held away from its pawl, E, for lifting by the pawls; and its position for throwing out the pawl for lowering with the jack is shown by dotted lines in the same figure."

This does not, taken with patent No. 116,296, show the yielding tripping plate which is covered by complainant's patents. No one could, from these descriptions, have supposed that a yielding tripping plate was in the mind of Gard, and as the prior patent to invalidate must have placed the invention in the possession of the public by describing every essential element clearly and completely, the defense of anticipation is not, in this case, established, and the complainant's patents on this record are adjudged valid. As the yielding tripping plate is the principle upon which the defendant's structure is based, it must be adjudged to infringe the complainant's patents, and a decree will be entered accordingly.