# HENDY v. GOLDEN STATE AND MINERS' IRON WORKS.

### APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF CALIFORNIA.

No. 278. Submitted May 3, 1888. — Decided May 14, 1888.

Claim 1 of letters-patent No. 140,250 granted to James D. Cusenbary and James A. Mars, June 24, 1873, for an "improvement in ore-stamp feeders," namely, " The feeding cylinder I, mounted upon the movable timber H H, substantially as and for the purpose above described," is a claim only for making the timbers movable, by mounting them upon rollers, and does not involve a patentable invention.

The defence of non-patentability can be availed of without setting it up in an answer.

There is no patentable combination, but merely an aggregation of the rollers and the feeding cylinder.

The specification requires the feeding cylinder to have chambers or depressions, and claim 1 does not cover a cylinder with a smooth surface not formed into chambers.

THIS was a suit in equity, brought by Joshua Hendy against the Golden State and Miners' Iron Works, a corporation, and six individual defendants, in the Circuit Court of the United States for the District of California, for the infringement of

letters patent No. 140,250, granted June 24, 1873, to James D. Cusenbary and James A. Mars, for an "improvement in ore-stamp feeders." The specification, claims, and drawings of the patent were as follows:

"Our invention relates to improvements in that class of ore-feeders for quartz mills in which a pawl and ratchet are employed to operate the feeder automatically by the drop of the stamp. Our improvements consist, first, in mounting a feed-cylinder upon a movable frame or truck, so that it can be readily shifted from place to place when it is desired to repair the mill; and, lastly, of an improved arrangement for operating the pawl-rod by the drop of the stamp without the use of springs. In order to more fully illustrate and explain our invention, reference is had to the accompanying drawings, forming a part of this specification, in which Fig. 1 is a vertical section; Fig. 2 is a back view; Fig. 3 is a transverse section. A represents the frame of a stamp mill; B is the stamp; C is the stamp-stem, with its tappet D; F is the cam-shaft, and G the cam which lifts the stamp, all of which are arranged in the ordinary manner of constructing a stamp battery. H H are the foundation timbers upon which the feeding cylinder is mounted. These timbers are mounted upon rollers, so that the cylinder and frame can be moved about as desired. The cylinder I is made of cast metal, and has its outer surface formed into chambers or depressions, J J, which are separated from each other by longitudinal partitions, K. The cylinder and its carriage, when in working position, are placed below the hopper L, so that the ore from the hopper will fall into the chambers upon an inclined apron, M, which directs it beneath the stamp. This feeding cylinder, being made of cast metal, will not wear out like the endless belts heretofore used in this class of machines, and, as it turns upon journals, like any common roller or cylinder, it cannot become clogged, as the endless belt is liable to do. To one end of the cylinder or ratchet-wheel N is secured, and this ratchet-wheel is operated by a pawl-bar, C, to revolve the cylinder. In order to operate the pawl-bar from the tappet, a horizontal shaft, *p*, has its opposite ends supported in boxes, which are secured to the

sides of the upright timbers of the frame, so that the shaft
will pass across directly in front of the tappet, transversely
to the movement of the stamp-stem.   A fixed arm, $q$, extends
backwards from the shaft $p$, so that its extremity will ter-
minate below the tappet, in position to receive a blow from it
when the stamp falls.   Another fixed arm, $r$, extends for-
ward from the shaft directly over the ratchet-wheel, and to
the extremity of this arm the upper end of the pawl-bar, $o$, is
attached by means of a trunnion block, $t$.   This bar extends
down to the middle of the periphery of the ratchet-wheel, and
has one or more upward projecting teeth on its lower end,
which serve to engage with the teeth of the ratchet when the
pawl is lifted by the rock-shaft, and thus rotate the feeding
cylinder.   It will, therefore, be evident, that, at each drop of
the stamp, the tappet will strike the arm $q$ and carry it
downward, thus giving the shaft $p$ a rocking motion, the
weight of the pawl and its arm $r$ serving to rotate the shaft
in an opposite direction, thus feeding the ore automatically
when it is needed.   When there is a sufficient quantity of ore
beneath the stamp the drop will not be sufficient to operate
the cylinder; but when the quantity of ore beneath the stamp
is reduced the drop is greater, and consequently the tappet
strikes the arm $q$ and operates the cylinder.

   "Having thus described our invention, what we claim and
desire to secure by letters patent is —

   "1. The feeding cylinder I, mounted upon the movable tim-
bers H H, substantially as and for the purpose above de-
scribed.

   "2. The rock-shaft $p$, with its fixed arms $q$ $r$, in combina-
tion with the pawl-bar $o$, ratchet-wheel N, and feeding cylin-
der I, when arranged to be operated by the tappet D, sub-
stantially as and for the purpose described."

The answer denied infringement, and set up two patents on the question of novelty, and denied the utility of the invention. After replication, proofs were taken on both sides, and the Circuit Court, on a hearing, dismissed the bill.

*Mr. John H. Miller* and *Mr. J. P. Langhorne* for appellants.

*Mr. M. A. Wheaton* for appellee.

MR. JUSTICE BLATCHFORD, after stating the case, delivered the opinion of the court.

Infringement is alleged of only the first claim, namely, "The feeding cylinder I, mounted upon the movable timbers H H, substantially as and for the purpose above described." The specification states, in regard to the subject of the first claim, that the improvement consists "in mounting a feed cylinder upon a movable frame or truck, so that it can be readily shifted from place to place when it is desired to repair the mill." The specification speaks of the timbers H H as being the foundation timbers upon which the feeding cylinder is mounted, and it says that those timbers "are mounted upon rollers, so that the cylinder and frame can be moved about as desired." Therefore, "the movable timbers H H" of the claim are timbers made movable by being mounted upon rollers. The specification also states, that "the cylinder I is made of cast metal, and has its outer surface formed into chambers or depressions, J J, which are separated from each other by longitudinal partitions, K."

It is contended, in defence, that claim 1 of the patent is really a claim only for making the timbers movable, by mounting them upon rollers, so as to be able to move the cylinder and frame about as desired, and that this required no exercise of any inventive faculty. This seems to be the purport of the invention, as stated in the specification. It is the movable character of the frame on which the feed cylinder is mounted, so that the cylinder and frame may be readily shifted from place to place, when repairs are desired, that is designated as

the invention. When the mill is in operation, the movable feature is not brought into play. It is only when the mill is out of operation that the movable feature is to be used. The first claim does not appear to cover the functions or operation of the feeding cylinder I, as a part of the mill when in operation ; and, interpreting it by its own language as well as by that of the description in the specification, it covers only the mounting upon rollers of the timbers which carry the feeding cylinder. Merely putting rollers under an article, so as to make it movable, when, without the rollers, it would not be movable, does not involve the inventive faculty, and is not patentable. *Atlantic Works* v. *Brady*, 107 U. S. 192, 200.; *Thompson* v. *Boisselier*, 114 U. S. 1, 12, and cases there cited ; *Yale Lock Mfg. Co.* v. *Greenleaf*, 117 U. S. 554, 559 ; *Pomace Holder Co.* v. *Ferguson*, 119 U. S. 335, 338, and cases there cited.

This defence is one which can be availed of without setting it up in an answer. *Dunbar* v. *Myers*, 94 U. S. 187 ; *Slawson* v. *Grand Street Railroad Co.*, 107 U. S. 649 ; *Mahn* v. *Harwood*, 112 U. S. 354, 358.

Moreover, there is no patentable combination between the rollers which make the timbers movable and the feeding cylinder I, mounted upon the timbers. The union of parts is merely an aggregation. The feeding cylinder, mounted upon timbers which have rollers, operates no differently from what it does when mounted upon timbers which have no rollers. *Hailes* v. *Van Wormer*, 20 Wall. 353, 368 ; *Reckendorfer* v. *Faber*, 92 U. S. 347, 357 ; *Pickering* v. *McCullough*, 104 U. S. 310, 318 ; *Bussey* v. *Excelsior Mfg. Co.*, 110 U. S. 131, 146. There is nothing patentable in the aggregation.

The defendants' machine has a smooth cylinder, and not a cylinder with chambers or depressions. The specification of the patent describes the cylinder I as having its outer surface formed into chambers or depressions, separated from each other by longitudinal partitions. The cylinder of claim 1 is "the feeding cylinder I," and, to be such cylinder, must be a cylinder substantially as described, and it is described specifically as having chambers or depressions. The claim cannot

be construed to cover a cylinder with a smooth surface, not formed into chambers. *Fay* v. *Cordesman*, 109 U. S. 408, 420, 421; *Sargent* v. *Hall Safe & Lock Co.*, 114 U. S. 63, 86; *Shepard* v. *Carrigan*, 116 U. S. 593, 597, 598; *White* v. *Dunbar*, 119 U. S. 47, 51, 52 · *Crawford* v. *Keysinger*, 123 U. S. 589, 606, 607

*The decree of the Circuit Court is affirmed.*