CAMPBELL *et al.* v. BAILEY *et al.*

(*Circuit Court, E. D. Wisconsin.* March 23, 1891.)

1. PATENTS FOR INVENTION—COMBINATION—PATENTABILITY.
    A device consisting of a combination of several well-known separate elements, each of which serves the use to which it has previously been applied, and, in conjunction with the other parts, operates not differently, and performs no other function, and in which no new result is the product of their co-operative action, is not invention, but falls within the range of mere mechanical skill.

2. SAME—CATCH-BASIN COVERS.
    Claim 1 of letters patent 204,882, June 18, 1878, to George G. Campbell, of a catch-basin cover, constructed with slanting front, with grate base, and raised stop or partition, as described, is invalid, as being an aggregation of well-known separate elements, each operating in its old way, in which no new result is the product of their co-operative action.

In Equity. Bill for injunction.
*C. T. Benedict,* for complainants.
*H. G. Underwood,* for defendants.

JENKINS, J. The bill is filed to enjoin the alleged infringement of letters patent of the United States No. 204,882, issued June 18, 1878, to George G. Campbell for "improvement in catch-basin covers." The device consists of a vertical curved wall or body, having a horizontal base projecting beyond the opening; an oblique grate over the opening, admitting the flow of surface water into the basin, and preventing the ingress of rubbish; flanges secured to the body, to hold back to the sidewalk the material used in setting the cover; a raised stop or partition in front of the grate, against which faces the pavement of the street, laid upon the projecting base, and holding it firmly in place; a flange projecting below on the under side of the cover, to protect the mortar from the action of water; and a circular opening, with cover at the top, permitting access to the basin. The device is intended to be placed at street corners, jutting back into the sidewalk, the front slanting outwardly to the bottom of the gutter so that the wheels of a passing vehicle hugging the sidewalk, and coming in contact with the oblique grate, will slide off therefrom. The claims of the patent are two: (1) A catch-basin cover, constructed with slanting front, with grate, base, and raised stop or partition, as described. (2) A catch-basin cover, with body and flanges as specified.

The first claim of the patent is alone here involved. The claim is challenged for want of invention. The distinction between aggregation and patentable combination is settled. A combination of well-known separate elements, each of which, when combined, operates separately, and in its old way, and in which no new result is the product of their co-operative action, is not invention. But if to adapt the several elements to each other, to effect their co-operation in one organization, demands the use of means without the range of mere mechanical skill, then the invention of such means to effect the mutual arrangement of the parts would be patentable. *Hailes* v. *Van Wormer*, 20 Wall. 353; *Reckendorfer* v. *Faber*, 92 U. S. 347; *Pickering* v. *McCullough*, 104 U. S. 310; *Pennsylvania R. Co.* v. *Locomotive, etc., Truck Co.*, 110 U. S. 490, 4 Sup. Ct. Rep. 220; *Heating Co.* v. *Burtis*, 121 U. S. 286, 7 Sup. Ct. Rep. 1034; *Hendy* v. *Iron-Works*, 127 U. S. 370, 8 Sup. Ct. Rep. 1275; *Aron* v. *Railway Co.*, 132 U. S. 84, 10 Sup. Ct. Rep. 24; *Watson* v. *Railway Co.*, 132 U. S. 161, 10 Sup. Ct. Rep. 45; *Howe Machine Co.* v. *National Needle Co.*, 134 U. S. 388, 10 Sup. Ct. Rep. 570; *Florsheim* v. *Schilling*, 137 U. S. 64, 11 Sup. Ct. Rep. 20; *County of Fond du Lac* v. *May*, 137 U. S. 395, 11 Sup. Ct. Rep. 98; *Trimmer Co.* v. *Stevens*, 137 U. S. 423, 11 Sup. Ct. Rep. 150. It was said by Mr. Justice CLIF-FORD in *Bates* v. *Coe*, 98 U. S. 31, 48, reiterated by him in *Imhaeuser* v. *Buerk*, 101 U. S. 647, 660, that when the thing patented is an entirety, consisting of a single device or combination of old elements incapable of division or separate use, it will not answer to assert that a part of the entire thing is found in one prior patent, printed publication, or machine, and another part in another prior exhibit, and still another part in a third one, and from the three, or any greater number of such exhibits, to draw the conclusion that the patentee is not the original and

first inventor of the patented improvement. The statement, I take it, must be read subject to the qualification stated in the latter case, that the arrangement of the parts is new, and will produce a new and useful result; and to the further qualification, inferable from, if not expressed in, the statement, that the new result is the product of the co-operative action of the parts, each part, by reason of combination, performing some new function foreign to its separate action. So read, there is no conflict in the decisions.

Prior to the alleged invention, catch-basin covers were in use with horizontal base, projecting beyond the throat of the sewer, and upon which the pavement rested. Other prior devices exhibit the raised partition for the pavement to face against. Others exhibit gratings in the throat of the sewer, to prevent the ingress of rubbish. The bars of the grating were usually vertical. In the Smith device they were slightly inclined outwardly, resulting from the construction of the device, and preventing, to a certain extent, the ingress of foreign substances, but not so inclined that rubbish would be forced upwardly upon the grate by the force of the flowing water, and a dam thereby prevented. In the British patent No. 225, of 1874, to M. H. Synge, the gratings are curved outwardly, inclining downwards and outwards, to keep back matter tending to impede the flowing of surface water. The complainants' device is in form quite like the Menzel catch-basin cover, in use long prior to the alleged invention in question, differing therefrom in this: that the grating is oblique, not vertical; the Menzel device having also a depression or pan in the base, and in front of the grating, the pavement facing against the outer edge of the pan, instead of directly against a raised partition in front of the grate. No one of the prior designs comprehend all of the component parts of the complainants' device, unless it be the Synge patent, which discloses an oblique grating of curved bars, instead of straight bars, as in complainants' cover.

In the state of the art at the time of the alleged invention here involved, can the device be deemed an invention? If a skilled mechanic, with the various prior devices before him, would conceive of the combination, it is not invention. *Dunbar* v. *Myers*, 94 U. S. 187; *Slawson* v. *Railroad Co.*, 107 U. S. 649, 653, 2 Sup. Ct. Rep. 663. This device differs from those preceding mainly in this: that the bars of the grating are placed aslant, instead of vertically, where straight bars were used, and straight, instead of curved, where curved bars were placed obliquely. Such change is not invention. "It involves merely the skill of the workman, not the genius of the inventor." Originality is the test. In *Morris* v. *McMillin*, 112 U. S. 244, 5 Sup. Ct. Rep. 218, the improvement involved was in the application of steam power to a vertical capstan, by means of the same well-known agencies by which it had been previously applied to a horizontal windlass. The use of a vertical, instead of a horizontal, barrel or shaft was held to require no such ingenuity as merited a patent. So here, the substitution of oblique for vertical bars, or straight for curved bars, is such change as would suggest itself to the ordinary judgment and skill of a trained mechanic, and is without the realm of

invention. It was declared in *Atlantic Works* v. *Brady*, 107 U. S. 192, 2 Sup. Ct. Rep. 225, that the design of the patent law was to reward those who make some substantial discovery or invention which adds to our knowledge, or makes a step in advance in the useful arts; and that it was never the object of those laws to grant a monopoly for every trifling device, every shadow of a shade of an idea which would naturally and spontaneously occur to any skilled mechanic or operator in the ordinary progress of manufactures, and that to grant a monopoly for every slight advance made, except where the exercise of invention somewhat above ordinary mechanical or engineering skill is distinctly shown, is unjust in principle, and injurious in its consequences. See, also, *Hill* v. *Wooster*, 132 U. S. 693, 700, 10 Sup. Ct. Rep. 228.

There exists another, and, to my thinking, a fatal, objection. Each part of the device within the first claim of the patent is related to the use to which it had been previously applied, and, in conjunction with the other parts, operates not differently, and performs no other function. The horizontal base, the raised stop or partition, and the grating each perform the same, and no other or different, office that it did before. Each element of the combination operates separately, performing its separate function, and in its old way. There is no new result as the product of the co-operative action of the parts. The oblique grating may produce better results because oblique, but not by reason of combination with the other parts. Failing therein, within the principle established, there is lack of patentable combination. The device is a mere aggregation. *Burt* v. *Evory*, 133 U. S. 349, 10 Sup. Ct. Rep. 394. The bill will be dismissed.