## MULLER v. LODGE & DAVIS MACHINE TOOL CO.

### (Circuit Court, S. D. Ohio, W. D. July 22, 1895.)

### No. 4,633.

PATENTS—LIMITATION OF CLAIM—INFRINGEMENT OF COMBINATION—TOOL HOLDERS FOR LATHES.

The patent No. 272,304, for a tool holder for lathes, is limited as to claims 2 and 4 by the language thereof, and especially, by the use of reference letters, to the particular devices described; and the combination is not infringed by a device which is without some of the parts named, or any equivalent thereof.

This was a suit by Conrad Muller against the Lodge & Davis Machine Tool Company for infringement of a patent for a tool holder for lathes.

George M. Finckel, for complainant.

George J. Murray and Wright & Wright, for defendant.

SAGE, District Judge.   Suit for infringement of patent No. 272,-304, dated February 13, 1883, for tool holder for lathes.

Infringement is alleged of claims 1, 2, and 4, but counsel for complainant state in their brief that claim 1 may be ignored, and that it will suffice for the purposes of this suit to rely upon claims 2 and 4, which are as follows:

(2) "In a lathe, the combination with the slide or block, A, and the screw spindle, C, of the cross piece, F, the screw, G, and the nut, H, H', thereon, substantially as herein shown and described, and for the purpose set forth."

(4) "In a lathe, the combination with the slide or block, A. and the screw spindle, C, of the cross piece, F, the screw, G, the nuts, H, H,' and a device for locking the cross piece, F, in position on the tracks, substantially as herein shown and described, and for the purpose set forth."

The defenses are noninfringement and anticipation by reason of prior public and common use of the device within this country prior to complainant's invention, and more than two years prior to the application for the patent upon which this suit is brought. Also lack of patentable novelty. This last defense, it is stated, is insisted upon merely for the purpose of limiting claims 1, 2, and 4 of the patent to the specific elements set forth therein. As to claims 2 and 4, which are the only ones relied upon, the elements which go to make them up are mentioned specifically and by reference letters, which fact operates to restrict the claims to the particular devices described. McCormick Harvesting Mach. Co. v. C. Aultman & Co., 58 Fed. 773; Weir v. Morden, 125 U. S. 105, 8 Sup. Ct. 869; Hendy v. Iron Works, 127 U. S. 375, 8 Sup. Ct. 1275. The first claim is defective in that it omits the crosspiece, which is necessary to the structure.

The defendant's device has not the swivel screw of complainant's patent, but instead a longitudinally movable screw, which is not threaded its entire length to receive nuts that would so clamp the bridge between them as to permit any adjustment within the limits of the lost motion of the main spindle. It has neither the nut, H, nor the nut, H', nor has it any equivalent of this device that could be employed to accomplish the result aimed at and attained by the patented device. It has instead a stop gauge. The defendant's device could not, therefore, work the same as complainant's, as is admitted by complainant's expert in answer to questions 243 and 279 in his deposition. The defendant therefore does not infringe. The claims being limited to the specific device described, and the defenses of anticipation and lack of novelty having been avowedly made for the purpose of so limiting the claims, it is not necessary to consider them. The bill will be dismissed, at the costs of the complainant.