## WILSON et al. v. CONSOLIDATED STORE–SERVICE CO.

(Circuit Court of Appeals, First Circuit. June 14, 1898.)

### No. 237.

1. PATENTS—PRELIMINARY INJUNCTIONS.

Sometimes a preliminary injunction may issue in a suit on a patent when the validity of the patent is clear, though it has not been sustained by a prior adjudication or public acquiescence.

2. SAME—PRIOR ADJUDICATIONS—INTERFERENCE PROCEEDINGS.

A decision in interference proceedings cannot be invoked, as against strangers to it, as a ground for the issuance of a preliminary injunction.

3. SAME—PRIOR JUDGMENTS AND ACQUIESCENCE.

With reference to a prior judgment or general acquiescence, there must be the same freedom from doubt, in behalf of a party applying for a temporary injunction, as if the question were one of validity alone. And a judgment rendered in a cause which, by reason of an adjustment among the parties, became practically a mere case before it was judicially passed upon, is not sufficient ground for granting such an injunction.

4. SAME—CASH CARRIERS.

An order granting a preliminary injunction against infringement of the Osgood patents, Nos. 357,851 and 293,192, for a cash carrier, or store-service apparatus, reversed on appeal because the validity of the patent is doubtful, and because there was no clear adjudication sustaining the patent after bona fide contest, and no sufficient proof of public acquiescence.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

This was a suit in equity by the Consolidated Store-Service Company against John W. Wilson and others for alleged infringement of letters patent No. 357,851, issued February 15, 1887, to Edwin P. Osgood, and No. 293,192, issued February 5, 1884, to Byron A. Osgood and Edwin P. Osgood, which patents are for cash carriers, or store-service apparatus. In the circuit court a preliminary injunction was granted (83 Fed. 201), and the defendants have appealed.

Charles E. Mitchell and Elihu G. Loomis, for appellants.

Frederick P. Fish and Guy Cunningham, for appellee.

Before PUTNAM, Circuit Judge, and BROWN and LOWELL, District Judges.

PUTNAM, Circuit Judge. This is an appeal from an order granting an ad interim injunction in a patent suit. Apparently, the hearing on the application for the injunction occurred only a short time before the complainant below might have brought the case to an issue on bill, answer, and proofs. Meanwhile a voluminous record was made up on the application, which apparently had in view a determination as on the full merits of the cause. These matters were not brought to the attention of the court below, and we would not be justified in commenting on this particular record in these respects. We refer to them only because we do not wish to leave any presumption that we impliedly approve that parties should proceed with a voluminous hearing on a mere motion for an ad interim injunction at a time when a final hearing may be accomplished almost as speedily. Under the circumstances, there are some grounds for presuming that both parties intended to waive all objections as to the issues to be determined on the motion. At the hearing before us, however, the appellants took the usual special objections against the issue of temporary injunctions. Consequently we are not justified in assuming that the parties intended any waiver.

Coming to the rules applicable under these circumstances, it cannot be denied that a preliminary injunction may properly issue in a patent suit, where the validity of the patent is clear, although it has not been sustained by a prior adjudication or public acquiescence. Of course, there must in every instance be an equitable necessity for relief by injunction; but we are not required to consider this necessity, because the case at bar clearly falls within the rule stated by this court in Davis Electric Works v. Edison Electric Light Co., 8 C. C. A. 615, 621, 60 Fed. 276, 282, that:

"The fundamental basis of jurisdiction in equity in relation to patent rights and trade-marks is the necessity of protecting established enterprises from the great uncertainty caused by infringements, and by the difficulty of measuring the direct and indirect losses if infringements continue."

When the effect of a temporary injunction is merely to maintain matters statu quo until a final hearing, one may well be granted, notwithstanding the rights of the complainant are doubtful, and sometimes even when very doubtful. But in patent suits such an

injunction does not ordinarily have that effect. On the other hand, the respondent, while under the injunction, is ordinarily a constant loser, and never regains his losses unless the complainant has given a bond. Therefore in this class of cases the courts usually hold that unless the patent is supported by public acquiescence or prior adjudication, or some other peculiar condition, the complainant's rights must be free from doubt, to entitle him to a preliminary injunction. It is sufficient for this to refer to Rob. Pat. § 1173 et seq., and North v. Kershaw (1857) 4 Blatchf. 70, Fed. Cas. No. 10,311, and to the expressions of the circuit court of appeals for the Seventh circuit, in Standard Elevator Co. v. Crane Elevator Co., 6 C. C. A. 100, 56 Fed. 718, 719, reaffirmed by the same court in Williams v. Manufacturing Co., 23 C. C. A. 171, 77 Fed. 285, 286.

The case at bar is not an exceptional one in other particulars, so that the questions are as follows: Is the validity of the patent clear? or has there been a prior adjudication? or has there been sufficient acquiescence?

The validity of the claim in issue in each of the two patents in suit is far from clear. It is sufficient to say that we are all of the opinion that the validity of each claim is very doubtful, although we do not deem it necessary at this stage of the proceedings to elaborate the matter. Indeed, we regard it prudent not to do so, in view of the fact that the case may again come before us on final hearing.

The complainant below relies on the result of certain interference proceedings in the patent office as constituting a prior adjudication; but the defendants below were not parties to that proceeding, and the authorities cited by the complainant are limited to privies. The issues on an interference proceeding are narrow, when compared with the broad question of the validity of a patent, and the method of procedure in the patent office is so unlike that of judicial tribunals that a use made of the latter furnishes no precedent for a use to be made of the former. Walk. Pat. (3d Ed.) § 674, states that an interference proceeding cannot be invoked against strangers on the question of a preliminary injunction; and Judge Lacombe, who carefully reviewed the decisions in regard to this matter, in Dickerson v. Machine Co., 35 Fed. 143, 147, came to the just conclusion that the only adjudication which can support such an injunction, is a judicial one. This leaves to be considered, on this point, the prior suit of Store-Service Co. v. Whipple, 75 Fed. 27, in which an interlocutory decree was rendered sustaining the claims now in suit. The rule as to prior litigation was stated by the circuit court of appeals, in the Seventh circuit, in Electric Mfg. Co v. Edison Electric Light Co., 10 C. C. A. 106, 61 Fed. 834, 836, and, as there stated, was approved by this court in Bresnahan v. Leveler Co., 19 C. C. A. 237, 72 Fed. 920, 921. It requires "a bona fide and strenuous contest," resulting in favor of the validity of the patent. With reference to a prior judgment or general acquiescence, it is clear, on principle, that there must be the same freedom from doubt, in behalf of a party applying for a temporary injunction, as if the question was one of validity alone. A court would be no more jus-

tified in granting such an injunction on a doubtful case of a prior judgment than it would on a doubtful case of validity.   Neither can a doubtful case of a prior judgment be assisted by a doubtful case of acquiescence, and vice versa.    It is plain, on principle, that the complainant's right must be clear, either as to the validity of the patent, or on the question of a prior judgment, or on the question of acquiescence, although, of course, judgments rendered by consent may be admissible on the proposition of acquiescence, even when not so on that which we are now considering.   The position with reference to the decree against Whipple is as follows:   Whipple was the agent of a corporation known as the Fuller Company, and was sued by the complainant below because, as agent of the Fuller Company, he had leased or constructed cash-carrier systems, to or for various users, alleged to infringe the patents in suit.   The suit against him was begun on June 20, 1894, and the defense was assumed by the Fuller Company.   At that time the complainant below had made an adjustment with a corporation, known as the Lamson Company, of certain controversies in regard to the patents in issue here.   This adjustment was of such a character that, although its terms are somewhat confusing, yet its effect gave that corporation all the same practical advantages with reference to all parties with whom it had dealt, or might afterwards deal, as though it had become a co-owner of the patents.   Afterwards, on August 15, 1895, the Lamson Company, having then this broad contract with the complainant below, purchased from the Fuller Company its business, and stipulated with it that the Lamson Company would obtain from the complainant below licenses under the patents in suit, and waivers of all claims for damages, covering all the customers of the Fuller Company, not exceeding 2,000 stations, and that, so far as it did not accomplish this, it would assume the defense of the suits of the complainant below against the Fuller Company, its agents and customers.   Thereupon the counsel who had been employed by the Fuller Company in the Whipple suit was superseded in that suit by the counsel of the Lamson Company.   Whipple was not a customer, but an agent; and it is possible that a full investigation of all the facts, and a careful construction of the two contracts referred to (that is, the contract between the complainant below and the Lamson Company and that between the Lamson Company and the Fuller Company), might leave some remnant for a proceeding against him by the injunction which the interlocutory decree directed to issue against him.   But the Lamson Company had no interest in preventing the issue of an injunction against Whipple, as, under its contract with the complainant below, it could at once license Whipple as its own customer, and thus practically annul the injunction.   It is true, the interlocutory decree which was entered in the suit against Whipple may be assumed to have provided for an assessment of damages and profits; but there is no evidence that this was ever done, or that, under the contracts between the parties which we have referred to, it could have resulted in anything substantial. On the other hand, as, under its adjustment with the complainant below, the Lamson Company was practically enjoying the advan-

tages of a co-ownership of the patents in suit, it was apparently for its interest to have the patents sustained, even if, as a consequence thereof, it might be compelled to pay some damages pursuant to its contract with the Fuller Company.    On the whole, the best conclusion which can be formed, on the record as presented to us, is that the suit against Whipple, before it was finally passed on judicially, became a moot case.    Apparently, the question of patentability, which, rather than that of mere anticipation, is the important one, was not presented in that suit; and it is plain that under the rule which we have cited, as to the requisites of a prior adjudication as the basis of a temporary injunction, the decree therein is not sufficient on the questions now on appeal.    The complainant maintains that it prosecuted the case against Whipple vigorously, and that it ought not to be made to suffer for any matter which was omitted by the Lamson Company in defending it.    This is not at all relevant, because the question is not whether it can be made to suffer in consequence of that suit, but what it shall gain by virtue of it.

General acquiescence in the patents in suit is set up in the bill, but it has not been pressed on us.    The law as to this is succinctly stated in Sargent v. Seagrave, 2 Curt. 553, 558, Fed. Cas. No. 12,365. While acquiescence, even of a qualified or doubtful nature, may give aid to a patent on a final hearing, yet, as already said, when relied on to support a temporary injunction it must be clear in its character and extent.    There is nothing in this record answering this requirement.    The bill gives the result of the litigation with the Lamson Company, as shown by the adjustment to which we have already referred; and, if that corporation had been the only infringer, the claim of acquiescence would be established.    But the bill states that there were many other infringers, against some of whom suits are still pending.    Also, the record leads to the inference that the patents have been in constant litigation, although it is alleged that, so far as the litigation has been determined, it has resulted in favor of the patents.    This undoubtedly refers to various adjustments of suits, because no decision of any court is produced, except that in the Whipple Case.

The result is that whether we look at the question of validity, or at that of a prior adjudication, or at that of alleged public acquiescence, the position is too doubtful to justify a temporary injunction in a patent suit.    The order appealed from is reversed, and the costs of appeal are awarded to the appellants.