## HILDRETH v. NORTON.

(Circuit Court, N. D. New York. June 10, 1907.)

PATENTS—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

A preliminary injunction against infringement of the Dickinson patent, No. 831,501, for a candy-pulling machine, denied on condition that defendant furnish a bond; the patent not having been adjudicated nor long acquiesced in.

In Equity. On motion for preliminary injunction.

W. A. MacLeod, for the motion.
H. A. Toulmin, opposed.

RAY, District Judge. Defendant is the user merely of the alleged infringing machine, candy puller, made under Igou patent, No. 752,-979, issued February 23, 1904, application filed September 17, 1903: The Standard Candy Machine Company, of Columbus, Ohio, makes and sells these machines. Complainant alleges that this infringes the patent for candy puller issued to him, as assignee of Herbert M. Dickinson, September 18, 1906, on application filed November 5, 1901. Igou made several claims, some of which he abandoned after learning of the Dickinson application and an interference proceeding to which he was not a party and to which he did not become a party, and his patent was granted pending the proceedings, subject to the pending interference, and he was so informed. Igou, or those acting under him, went on supplying the trade. Complainant won out in the interference proceedings, and his patent finally issued.

There is great difference in the form and appearance of the two machines, and complainant is not making a candy puller of the form shown in the Dickinson application. He insists, however, that his was a pioneer invention, and that his claims must be broadly construed; that, properly construed, they cover the Igou machine; and that defendant infringes as a user thereof. No suit has been brought against the maker. It is disputed that they were made and sold after the complainant's patent issued. There has been no adjudication of the patent in suit, and no long acquiescence. Under these circumstances I do not think a preliminary injunction should issue, provided defendant will execute to the plaintiff within 30 days and file in this court a bond in due form, to be approved by this court, in the penal sum of $2,000, conditioned to pay all costs, damages, etc., awarded against him. I do not think this matter should be determined in effect on affidavits and the bill. While there is a strong prima facie showing of infringement, the defendant has not undertaken to fully present his defenses, and I do not think he should be required to do so on such a motion in such a case. Of course, the defendant cannot claim what Igou abandoned; but it is claimed complainant's device shows no invention in view of the prior art, and that both Dickinson and Igou were but improvers in machines of this description.

Motion denied, if bond is given; otherwise, granted.