## PRINDLE v. BROWN et al. *

(Circuit Court of Appeals, First Circuit. August 2, 1907.)

### No. 634.

**1. PATENTS—REMEDY IN EQUITY FOR REFUSAL OF PATENT—SCOPE.**

The broad scope of Rev. St. § 4915 [U. S. Comp. St. 1901, p. 3392], authorizing a suit in equity to establish the right to a patent, was in no way limited or qualified by Act Feb. 9, 1893, c. 74, 27 Stat. 434 [U. S. Comp. St. 1901, p. 3391], providing for appeals from the decision of the Commissioner of Patents to the Supreme Court of the District of Columbia.

**2. SAME—SUFFICIENCY OF BILL.**

A bill filed under Rev. St. § 4915 [U. S. Comp. St. 1901, p. 3392], to establish the right of complainant to a patent which alleges that "before the sixth day of June 1900" complainant "was the true, original, and first inventor" of the device in issue, that on that day he filed his application for a patent therefor, and that on May 28, 1900, defendant filed an application for the same invention on which after interference proceedings he was awarded a patent, is not fatally defective on general demurrer.

**3. SAME—ALLEGATION OF DATE OF INVENTION.**

A bill which states the date of an application for a patent is not to be held to state that the invention was then first completed or reduced to practice unless nothing is alleged showing invention prior thereto, and a further allegation that the invention was made prior to such date covers the fact of reduction to practice, and is sufficient to carry the date back of the application.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

For opinion below, see 136 Fed. 616.

Edwin J. Prindle, pro se.
William Quinby, for J. T. Brown and O. A. Miller.
Emery & Booth, for Walter E. Trufant.

Before COLT and PUTNAM, Circuit Judges, and ALDRICH, District Judge.

PUTNAM, Circuit Judge. This is a bill seeking to establish a patent for an invention in accordance with section 4915 of the Revised Statutes [U. S. Comp. St. 1901, p. 3392]. It was heard on demurrer in the Circuit Court, and dismissed; whereupon the complainant appealed to us. There was also filed in the Circuit Court a cross-bill, which was likewise dismissed on demurrer; but, there being no appeal from that decree, we have no occasion to consider that proceeding.

The application of the complainant below for a patent was decided against him by the Commissioner of Patents, whose decision was affirmed by the Circuit Court of Appeals of the District of Columbia, as appears by Prindle v. Brown, 24 App. Cas. D. C. 114. That proceeding was brought under section 4914 of the Revised Statutes, as amended by the act to establish the Court of Appeals of the District of Columbia, approved on February 9, 1893 (27 Stat. 434, c. 74). Section 4914 directs that the case be heard on the evidence produced before the Commissioner of Patents. It has never been held to preclude a proceeding under section 4915; and the propositions of the Supreme

*Rehearing denied October 16, 1907.

Court in Re Hien, 166 U. S. 432, 439, 17 Sup. Ct. 624, 41 L. Ed. 1066, leave no opportunity for any contention that the broad range of section 4915 has been in any way limited or qualified by the act of 1893.

The bill in the Circuit Court was filed by the present appellant against Brown, Miller, and Trufant. Trufant answered, and did not demur. Brown and Miller demurred jointly. One of the grounds of demurrer is that Trufant has no interest in any pending issue, and was not a proper party respondent, and that the bill should be dismissed as against him; but no point as to parties has been made before us. The demurrer contains 12 different assignments of causes of demurrer; and, although the arguments at bar took a very broad range, we are unable to perceive that any topic is presented here except the following:

The bill alleges at the beginning of it that, "before the 6th day of June, 1900," Prindle "was the true, original, and first inventor" of the improvement in issue, and that an application for a patent therefor was filed by him on that day, the ultimate refusal of which application is the subject-matter of this litigation. It also alleges that Trufant on September 27, 1899, filed an application for a patent for the same invention; that this application was abandoned; that on August 1, 1901, he filed a second application; that the later application was put in interference with Prindle and Brown; and that finally priority was awarded to Brown by the Commissioner, which decision was sustained on appeal, as we have already said. The bill nowhere alleges or admits that Trufant obtained a patent. There are allegations that Trufant disclosed an invention to Miller, and that Miller, "seeking surreptitiously to appropriate the aforesaid invention," disclosed it to Brown, and caused Brown to file in the Patent Office an application on May 28, 1900, and that this resulted in the patent to Brown which the complainant now seeks to supersede. The bill does not allege whether Trufant conceived the same invention that the complainant conceived, or derived the knowledge of it from the complainant, or, indeed, whether he conceived any invention whatever. This is of no consequence as the case stands. The only material thing on this appeal in all these allegations is that an application was made by Trufant, and also one by Brown on May 28, 1900. This was eight days before the application was made by the complainant; so that if the complainant's pleadings limit him under the ordinary rule that, when no other date is disclosed, the invention does not run back of the day of the filing of the application, it follows that the bill cannot be sustained. But we do not find any such condition of pleadings.

The view of the learned judge of the Circuit Court was that, on the allegations of the bill, it cannot be said that Prindle's invention preceded the date of the filing of his application on June 6, 1900; but the bill alleges that Prindle was the true, original, and first inventor, and at various points it repeats that he was the inventor. It is true that, if the only thing alleged was that Prindle's application was filed on June 6th, the dates would negative priority on the part of Prindle; but the word "before," which we have shown is connected in the bill with the words "the 6th day of June," leaves no contradiction on the face of the pleadings. Therefore the record stands that Prindle was the true, original, and first inventor, which is all that is required

by section 4892 of the Revised Statutes [U. S. Comp. St. 1901, p. 3384], as amended, in regard to the mere particular of priority. This, of course, overrules to the common understanding the allegations of the dates of the applications made by Trufant and Brown. The other dates given in the bill stand without support from anything else in the proceedings.

The only difficulty, therefore, is that the words "before the 6th day of June" are uncertain because they do not allege a precise date, and therefore do not conform to the ordinary rules of pleading. This uncertainty, however, does not relate to any matter of substance, because, so far as the substance is concerned, Prindle's priority is positively alleged. It relates only to a matter of form. The demurrer assigns 12 alleged errors in the pleadings, none of which have been brought to our attention by the respondents; but it fails to make any assignment against the allegation "before the 6th day of June." Being an uncertainty in a mere matter of form, this is good even at common law unless especially assigned as error. 1 Chitty on Pleading, *277, *709. The same rule also applies in equity. Story's Equity Pleadings (10th Ed.) § 528.

But the rule in equity goes even farther. The respondents maintain that, on a demurrer of this character, the bill should be dismissed unless its allegations contain distinct and "unmistakable averment" of what is necessary to maintain the suit. So strong a rule as this is not applicable even at common law, except as to pleas in abatement, which are required to be certain to a certain intent; and in equity the rule is the reverse. Equity seeks to act on the merits, which is not always attainable on a demurrer; and therefore equity will usually direct an answer unless the demurrer shows that, for want of proper allegations, it is "an absolutely certain and clear proposition that the bill would be dismissed at the hearing on the merits." Daniell's Chancery Practice (6th Am. Ed.) 543. It is worth while in this connection to turn to Swift v. United States, 196 U. S. 375, 395, 25 Sup. Ct. 276, 49 L. Ed. 518, for a statement of the rule which secures a liberal interpretation pro and con of pleadings in equity, to the effect that they are to be taken to mean what their language fairly conveys to a dispassionate reader, in accordance to a fairly exact use of English speech. The reason for the difference in practice on demurrer between common law and equity is very plain. According to proper pleadings at common law, a plaintiff's case is stated succinctly, while in equity the relations of the parties are more frequently complicated, and the circumstances which may shade the relief to which he is entitled, if any, or which may indeed bar his right to relief at all, are often so mixed that it is not easy for the court to perceive their precise bearings until the facts are all worked out at the hearing on the merits. The practice in this respect was applied by the Supreme Court, and the reasons therefor worked out under very important and interesting conditions, in Kansas v. Colorado, 185 U. S. 125, 144, 145, 22 Sup. Ct. 552, 46 L. Ed. 838; and the wisdom exercised by the court in postponing consideration of matters of law appearing on the pleadings until the hearing on the merits was made very apparent by the further opinion in the same case, passed down on May 13, 1907,

with a judgment dismissing the bill. Of course, this does not relate to matters necessary to good pleading when specifically pointed out by the demurrer. Taking the bill together, it is impossible to conceive that the complainant had any intention on the question of priority except to assert it in his own behalf and to frame his allegations accordingly; and therefore, for the reasons we have stated, we are justified in entering a judgment which will postpone that question to the hearing on the merits, unless, having in view their right to a specific date of invention, on subsequent proceedings in the Circuit Court, and on proper terms, the respondents make the issue more specifically than they have so far done.

Much has been said to us in reference to the reduction of an invention to practice by the filing of an application for a patent therefor, and in some manner the parties seem to have impressed the learned judge of the Circuit Court with the thought that that involved the more important issue in the case. Consequently his opin-. ion apparently relies on a proposition that the allegation in the bill of the date of Prindle's invention must be taken to state its reduction to practice by the application of June 6th. It is true that there is no patentable invention in a mere mental operation, and that the general rule is that, in order to constitute a patentable invention, the mental operation must in some way be put into concrete form. Prof. Robinson's work on Patents (volume 1, 178) well says:

"No mental operation, however definite and valuable may be its result, is a complete inventive act. That which rests in thought only as a mere theory or intellectual conception can never be a means producing physical effects."

It is also true that the Patent Office and the courts, where no date is proven except that of the application for the patent, give the patentee the benefit of that date where his application, specifications, and claims explain what, if constructed in conformity therewith, would constitute a workable and useful machine. It is also true that it is sometimes said, as was said by the parties in this case, and also by Mr. Walker in his work on Patents (4th Ed. § 141b) that such an application is a "constructive reduction to practice." The use of such expressions in connection with an application seems to be an unnecessary paraphrase, because an application of the character which we have described is of itself a positive and absolute exhibition of everything which the statute requires to constitute an invention. It is not necessary in order to complete an invention that there be a machine constructed, or even a model. The invention may be disclosed by the application sufficiently to entitle the patentee to priority as of the date of the application, or it may have been disclosed by a machine or model, or in some other concrete manner, a long time before the application was filed, so that the patent whenever applied for would go back to that disclosure. Consequently, a bill which states the date of an application for a patent is not to be held to state that the invention was then first completed, except in the special case, which is not an unusual one, that nothing is alleged showing invention prior thereto. Under some circumstances, the court is then compelled to accept that date; but, as further said by Prof. Robinson in connection with the extract we

have already made from his work, a statement which is also clearly true, "an invention does not exist until the generated idea has been reduced to practice." Therefore, when a bill alleges an invention, it covers the fact of reduction to practice, whatever that may be, without any further allegation in reference thereto. Therefore the bill alleges priority of invention by Prindle, though in an irregular manner.

We must reverse the decree of the Circuit Court; but, as the case will go back to that court for further proceedings, we do not intend by such reversal to bar the respondents from securing the advantage of a proper allegation of the date of the complainant's invention if they are of the opinion that they can obtain any advantage therefrom. Therefore, unless the bill is amended, the Circuit Court may, on a demurrer, allowed on proper terms and specifically pointing out the defect in form which we have discussed, or other defects in form, compel the complainant to perfect his bill in whatever particulars it should be perfected. Although a proper allegation of the time of invention is sometimes very useful for those sued as infringers, yet it is so often unimportant, and, under the circumstances of this case, the lack of it is so purely formal that the bill should not be dismissed unless the complainant's attention is first brought directly to the point, and an opportunity given him to meet it by amendment or otherwise.

The decree of the Circuit Court is reversed, and the case is remanded to that court with directions to proceed in conformity with law; and the appellant recovers his costs of appeal.