### HILDRETH v. CURTIS & SON CO.

(Circuit Court, D. Maine. December 7, 1907.)

#### No. 608.

PATENTS—SUIT FOR INFRINGEMENT—PROCEEDINGS IN PATENT OFFICE AS ESTOPPEL.

Proceedings in the Patent Office, even when a direct issue is made and passed on, operate as an estoppel in subsequent litigation in the courts only to a very limited extent, and can have no effect as an estoppel, even on a motion for a preliminary injunction, as against one who was not a formal party thereto. Prindle v. Brown (C. C. A.) 155 Fed. 531, applied.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Patents, §§ 162–165.]

In Equity. On exceptions to report of special master.

Macleod, Calver, Copeland & Dike, for complainant.

H. A. Toulmin, Jos. H. Dyer, Henry A. Williams, and George F. Noyes, for respondents.

PUTNAM, Circuit Judge. This is a bill to restrain an alleged infringement of a patent for invention for a candy-pulling machine issued to one Herbert M. Dickinson, described therein. The bill prays not only for a permanent injunction, but also for an ad interim or preliminary injunction.

The respondent excepted to certain paragraphs in the bill as impertinent, and the exceptions were referred to a master, who sustained

them, whereupon the complainant brought the matter to us. The paragraphs excepted to set up certain interferences in which Dickinson became involved in the Patent Office, arising from his application for the patent in suit, and as to which interferences Dickinson prevailed. The further substance of the allegations excepted to are that one Igou obtained another patent described in the bill, which patent he assigned to the Standard Candy Machine Company, which last-named corporation built the machine operated by the respondent and on which the complainant bases its allegations of infringement. For the rest, it seems to be sufficient to set out paragraph 6a of the bill, which is as follows:

"(6a) And your orator further shows unto your honors that while said interference was pending in the Patent Office, namely, on or about the 17th day of September, 1903, one Dennis T. Igou, of Springfield, Ohio, made application for United States letters patent for a candy-pulling machine; that the examiner of the United States Patent Office in charge of the said application of the said Igou rejected the said application as to certain of its claims, and cited in support of said rejection a catalogue published by H. L. Hildreth, your orator, as showing a machine anticipating said claims, and as to others of the said claims of the said application he referred the said Igou to an interference then pending between other parties and embracing the subject-matter of the said Igou's alleged invention; that the interference referred to by the examiner was the interference above referred to between the application of the said Hildreth, the said Dickinson, the said Thibodeau, the said Jenner, and the said Robinson & Deiter, hereinbefore mentioned; that thereupon, after correspondence and an oral interview with the examiner, the said Igou amended certain of his claims in view of the showing made in your orator's (said Hildreth's) catalogue, and canceled others of the claims of his said application to avoid the said interference; and that thereupon United States letters patent No. 752,-979, dated February 23, 1904, were issued upon said application to said Dennis T. Igou."

If the case stood wholly unembarrassed by prior adjudications, we should question seriously whether the allegations excepted to are not simply allegations of the evidence which the complainant proposes to offer, and, therefore, burdensome and impertinent; and, second, we should question whether, after all, the bill did not show that no issue was made or ruled on in the Patent Office against Igou, so that in no way could there be any finding of the Patent Office which would have weight, either conclusive or prima facie, against the respondent. It appears, however, that on a bill framed precisely as this, but against a different alleged infringer, and on exceptions like these before us— that is, Herbert L. Hildreth v. Fred L. Norton, 154 Fed. 82, in the Northern district of New York—United States District Judge Ray overruled the respondent's exceptions. On a matter of this sort, which is not in any way of vital concern, we should follow the decision of so able and learned a judge as Judge Ray, except that we are governed by decisions of the United States Circuit Court of Appeals for this circuit to the contrary. Prindle v. Brown (decided by the Circuit Court of Appeals for this circuit on August 2, 1907) 155 Fed. 531, shows that proceedings in the Patent Office, even when a direct issue is made and passed on, operate as an estoppel only to a very limited extent, although it must be, of course, admitted that under some conditions, which we need not trouble to point out, where a clear issue is made in the Patent Office between parties to subsequent litigation in the federal

courts, or parties strictly in privity therewith, estoppel arises therefrom. In the present case, however, as Igou was not a formal party to any interference, it does not need detailed explanation to point out that there was no issue made and determined in the Patent Office which, according to the rules of the common law or equity, can operate as an estoppel, or even as having any weight whatever on the final determination of this cause. All that is claimed is that, on a motion for a preliminary injunction, the proceedings in the Patent Office may have a certain weight of a prima facie character. Such seems to be the impression of the learned author of Walker on Patents (4th Ed. § 674); but, on due consideration by the Circuit Court of Appeals for this circuit, according to its opinion in Wilson v. Consolidated Store Service Co., passed down on June 14, 1898, and reported in 88 Fed. 286, 288, 31 C. C. A. 533, that court pointed out that the rule upon which the complainant must rely in order to make the proceedings in the Patent Office of use could apply only when there had been a strictly judicial investigation. The court there pointed out just reasons for its conclusion, which are binding on us.

The report of the master on the respondent's exceptions is approved and confirmed, the exceptions of the respondent are sustained, and the final decree will provide that the respondent recover its costs on the exceptions.