**PARSONS NON-SKID CO., Limited, et al. v. VICTOR TIRE GRIP CO.**

(Circuit Court, D. New Hampshire. October 22, 1908.)

No. 365.

1. PATENTS (§ 298*)—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

> Unless a patent is supported by public acquiescence, or prior adjudication, or some other peculiar condition, the complainant's rights must be free from doubt to entitle him to a preliminary injunction.

> [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 474-478; Dec. Dig. § 298.*

> Grounds for denial of preliminary injunctions in patent infringement suits, see note to Johnson v. Foos Mfg. Co., 72 C. C. A. 123.]

2. PATENTS (§ 328*)—ARMOR FOR PNEUMATIC TIRES.

> The Parsons patent, No. 723,299, for an armor for pneumatic tires, the validity of which had not been adjudicated, *held* not so clearly valid or supported by general acquiescence as to warrant the granting of a preliminary injunction against an alleged infringer.

> [Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*]

In Equity. On motion for preliminary injunction.

H. P. Denison, for complainants.

Emery & Booth (Lawrence A. Janney, of counsel), for defendant.

HALE, District Judge. In this cause in equity the bill alleges infringement of letters patent No. 723,299, dated March 24, 1903, issued to Harry Parsons for an armor for pneumatic tires. The armor consists of chains to be placed on the wheels of automobiles to prevent skidding. The case now comes before the court upon motion for a preliminary injunction.

The courts of this circuit have been somewhat strict in applying the law in reference to this class of cases. There must in every instance be an equitable necessity for injunctive relief. Our Court of Appeals has held that:

> "Unless the patent is supported by public acquiescence, or prior adjudication, or some other peculiar condition, the complainant's rights must be free from doubt to entitle him to a preliminary injunction." Wilson v. Consolidated Store Service Co., 88 Fed. 286, 287, 31 C. C. A. 533: Hatch Storage Bat-

---

tery Co. v. Electric Storage Battery Co., 100 Fed. 975, 41 C. C. A. 133; Bresnahan v. Tripp Giant Leveler Co., 72 Fed. 920, 19 C. C. A. 237.

. 1. It is clear that the patent has not been sustained by prior adjudication on final hearing after a "bona fide and strenuous contest."

2. Is the validity of the patent clear?

Upon this point an examination of the prior art raises some serious and interesting questions which have been argued in briefs of great length and elaboration by counsel on either side, and have engaged the careful attention of the court. This fact is, in itself, a suggestion that justice would not be done by passing upon the matter of injunctive relief, except upon final hearing and upon full proofs. It has come to be the unquestioned doctrine that courts will not anticipate a trial upon the merits by an extended examination of the testimony. In cases involving disputed questions of fact, courts will refuse a preliminary injunction until those matters are presented for investigation in their proper order and in their final form. Robinson on Patents, § 1173.

In Wilson v. Consolidated Store Service Company, supra, Judge Putnam has referred to a line of cases upon this point.

It is not necessary to discuss here the matters in controversy with reference to the prior art. Any observations upon these controverted matters might be prejudicial to the future consideration of the case. I am forced to find that the complainant's rights are not free from doubt.

3. Has there been sufficient public acquiescence?

The courts have pointed out with reference to public acquiescence that there must be the same freedom from doubt in behalf of the party applying for a preliminary injunction as if the question were one of validity alone. After a full examination of the testimony upon this point, I am not satisfied that, during the life of the patent, there has been that genuine and general acquiescence in it which is sufficient to justify the court in granting injunctive relief.

A preliminary injunction is denied.