### TRUSSED CONCRETE STEEL CO. v. CORRUGATED BAR CO.

(District Court, W. D. New York.  July 30, 1912.)

PATENTS (§ 328*)—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

   A preliminary injunction against infringement of the Forsythe patent, No. 862,897, for expanded sheet metal, unadjudicated, denied on conflicting expert testimony as to its validity and scope, and on the question of infringement.

   [Grounds for denial of preliminary injunctions in patent infringement suits, see note to Johnson v. Foos Mfg. Co., 72 C. C. A. 123.]

In Equity.  Suit by the Trussed Concrete Steel Company against the Corrugated Bar Company.  On motion for preliminary injunction.  Denied.

Chappell & Earl, of Kalamazoo, Mich. (Fred L. Chappell, of counsel), for complainant.

James A. Carr, of St. Louis, Mo., and Kenefick, Cook, Mitchell & Bass, of Buffalo, N. Y., for defendant.

HAZEL, District Judge.  The facts do not sufficiently establish a case for the issuance of a preliminary injunction.  The record consists of contradictory expert testimony relating to the validity of the patent in suit, the scope of its claims, and infringement thereof by the defendant.

Complainant's patent No. 862,897 for expanded sheet metal, granted to William D. Forsythe August 13, 1907, is concededly not of the pioneer class.  Long before said invention it was old to make lathing out of metal by cutting rows of slits in sheets and separating them by uncut portions, and then to expand the sheet to cause the slitted portions to elongate between the uncut portions.  There were two general types of metallic lathing; in one the metal was cut to form a meshwork, and in the other it was cut to form so-called string-ties.  The defendant claims that the patent in suit is of the latter type, while its own product belongs to the former.

In seeking a preliminary injunction, the complainant principally relies upon substantial public acquiescence in the validity of the patent owned by it, and on estoppel to deny such validity on the ground of employment of the patentee by the defendant.  Said patent No. 862,897 was issued not more than five years ago, and I

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

can scarcely determine from the affidavits that there has been such acquiescence in its validity by the trade or by persons making such devices as may safely be regarded as a substitute for an adjudication. The affidavits read do not sufficiently show that the public generally, by permitting the complainant to exclusively enjoy the patent, has acknowledged its validity, or that there has been such long-continued acquiescence as to raise a presumption thereof. Consolidated Fastener Co. v. American Fastener Co. (C. C.) 94 Fed. 523; Wilson v. Consolidated Store-Service Co., 88 Fed. 286, 31 C. C. A. 533.

The defendant denies infringement, and asserts that its process or method of making expanded metal is an improvement over Forsythe's earlier patent of such latitude as to constitute a patentable departure therefrom; and, indeed, an examination of the prior art suggests the possibility that when the evidence is before the court the complainant's patent may be given such narrow construction as to exclude defendant's device.

Importance is attached by the complainant to an action brought by it against the patentee in the Northern district of Ohio, Eastern division, wherein it was adjudicated by Judge Day that Forsythe's later construction, patent No. 1,007,027, now owned by the defendant and claimed herein to be an infringement of complainant's patent, was merely a modification of the structure and process described by the patent in suit. But I do not think there was a judicial construction of the breadth and scope of the claims of the patent, as the injunction granted by the court was granted chiefly on account of the existing contractual relations between the complainant and the patentee, and the affidavits leave me in doubt as to whether the present defendant was privy. The issues between the litigants there were not the same as here. In that action it was sought to enforce the specific performance of a contract between the complainant and the inventor by which the latter agreed to assign to the former all inventions and improvements relating to metallic lathing and machinery for making the same. Patent No. 1,007,027 was involved, and the court decided that the relations between Forsythe, the inventor, and the complainant, were such that Forsythe should be restrained from transferring title to his later patent, and from infringing his earlier one. Similarities between the two patents were pointed out; but, as already stated, Judge Day did not construe the claims of the patent in suit. It is not sufficiently shown that the defendant inspired the patentee to break his contract with the complainant, or to infringe the patent in suit; and as several expert witnesses for the defendant testified that, when the claim in controversy receives a judicial construction, the defendant's device is not embraced in complainant's patent, the doctrine of estoppel should not now be applied.

The defendant also claims that the patent in suit was for the same method of cutting or slitting metal as that described in an earlier patent granted to the same patentee, but while it may be doubted whether claim 6 in controversy is subject to the criticism

of double patenting, yet on this application I am unwilling to decide that such defense is without merit.

Complainant also urges that the defendant has copied into its catalogue complainant's copyrighted advertising matter, phrasing, and illustrations, etc., and should be enjoined by this court from continuing such unfair acts in trade. The defendant, however, rejoins that such advertising matter, copyrighted or uncopyrighted, was not an original production. The evidence is not sufficiently clear as to what complainant claims to be new and original, as there is some testimony on behalf of the defendant that some of the cuts or sketches were taken from a prior publication and that matter found in complainant's catalogue was taken from defendant's.

I am of opinion that no injury will result to complainant by awaiting the final hearing. The application for a preliminary injunction is denied.